[No. 18775. Department One. September 24, 1924.]

THE STATE OF WASHINGTON, *on the Relation of Edna Hansen, Plaintiff*, v. THE SUPERIOR COURT FOR PIERCE COUNTY, *Ernest M. Card, Judge, Respondent.*[1]

DIVORCE (44) INTERLOCUTORY ORDER—CONCLUSIVENESS—RIGHT TO FINAL DECREE—ESTOPPEL—STATUTES—CONSTRUCTION. Under Rem. Comp. Stat., § 988, providing that the interlocutory decree of divorce "shall be final and conclusive upon the parties subject only to the right of appeal," the right to a final decree cannot be defeated by showing that the other party had, within the six-months' period, contracted a bigamous marriage in another state; since only a condonation, looking to a continuation of the marriage relation, will warrant a refusal of the final decree.

Application filed in the supreme court June 30, 1924, for a writ of mandamus to compel the superior court for Pierce county, Card, J., to enter a final decree of divorce. Granted.

*Charles W. Johnson*, for relator.
*Harry H. Johnston*, for respondent.

[1]Reported in 228 Pac. 702.

TOLMAN, J.—Relator comes to this court seeking a writ of mandate requiring the respondent judge to enter a final decree of divorce.

It appears that relator began an action in the superior court for Pierce county, which resulted in due course in the entry of an interlocutory decree of divorce in her favor on June 16, 1923. On June 26, 1924, more than six months after the entry of the interlocutory decree, relator appeared in the superior court with the usual proof that marital relations had not been resumed between the parties, and moved for the entry of a final decree. At that time the husband, defendant in the case, also appeared, and filed and presented an affidavit which set forth that the relator, within six months following the entry of the interlocutory decree, and on September 26, 1923, had, in the state of Oregon, complied with all of the required forms and ceremonies which would, if she had been free to so contract, have made her the wife of another. Relator moved to strike this affidavit as incompetent, irrelevant and immaterial, which motion was denied, and the trial court thereupon refused to enter a final decree, and directed the relator to submit herself to the jurisdiction of the court for the purpose of determining. the truth respecting the matters alleged.

The statute, Rem. Comp. Stat., § 988 [P. C. § 7507], in positive terms says that the interlocutory decree "shall be final and conclusive upon the parties, subject only to the right of appeal."

In *State ex rel. Morris v. Superior Court,* 128 Wash. 496, 223 Pac. 583, the statute is set forth at length, and it was there held that the subsequent resumption of marital relations, the parties still being husband and wife, was sufficient to estop either party from obtaining a final decree. When the doctrine of condonation,

as it has been applied from the beginning, is considered, the reason for that decision is apparent. Perhaps not condonation alone, but anything which shows that, notwithstanding the interlocutory decree, the parties intend to perpetuate the marriage, may be sufficient to justify a refusal to enter a final decree, as the law always favors a continuance of the marriage. But here we have nothing in any wise tending toward the perpetuation of the marriage, or in the nature of an estoppel, but on the contrary, if the allegations be true, then the defendant in the divorce action now has ground for a divorce which did not exist when the case was tried on the merits. If he should succeed in establishing all he claims, the marriage would and should end. Whether he would be an innocent and prevailing party we cannot determine from this record. It is conceivable that a case might arise in which the husband would be adjudged guilty of adultery by the interlocutory decree, and by a subsequent bigamous marriage the wife might become guilty of the same offense. Would that justify the disregarding of that judgment which the statute says shall be final and conclusive upon the parties, and permit a relitigation as to all prior and subsequent offenses of each party? To apply such a rule, under any conceivable facts except those tending to a perpetuation of the marriage, would mean that in every case the defeated party would only be required to charge that the other had given cause for divorce after the entry of the interlocutory decree, and thereupon the whole case would be opened up for relitigation.

We conclude that the framers of the statute intended just what the statute says, that the interlocutory decree should be final and conclusive, and if neither party has by any act estopped himself or caused a situation which

would make it unfair and inequitable to enforce the statutory mandate, then even the inherent power of the court sitting in equity should not be exercised to defeat the legislative intent expressed in plain and unambiguous language.

The relator's motion to strike the affidavit should have been granted, and the final decree should have been entered. The alternative writ will be made peremptory.

MAIN, C. J., HOLCOMB, PARKER, and MACKINTOSH, JJ., concur.