[Civ. No. 6066. First Appellate District, Division Two.—February 8, 1928.]

CHARLES A. D'ARCY, Appellant, v. GERTRUDE CLAIRE D'ARCY, Respondent.

Rudolph J. Scholz for Appellant.

George A. Connolly for Respondent.

LUCAS, J., *pro tem.*—Plaintiff and cross-defendant appeals from a judgment of separate maintenance rendered in an action originally brought by him for divorce.

Under the terms of the judgment appellant was denied a divorce; separate maintenance in favor of respondent and of the three minor children of the parties was decreed; the custody of the said children was awarded respondent; the appellant was directed to pay respondent $200 per month for the support and maintenance of respondent and said children; judgment was given respondent for $2,150 unpaid alimony; certain described community property (constituting all of the community) was awarded respondent; and appellant was required to pay all taxes assessed against the community real property, together with interest on the existing mortgage or deed of trust thereon, and the cost of renewing the same.

In reference to the payment of taxes and mortgage interest the judgment provides: "It being expressly understood that the provisions contained in this paragraph of the decree are made in conformity with the written agreement of the parties to the above entitled action, executed by them on the 22nd day of December, 1924."

Findings were waived.

It is the contention of appellant that a judgment is not valid which awards all of the community property to one party to a suit for separate maintenance; that it was error to incorporate part of the separation agreement in the judgment without including the whole thereof; that the judgment for taxes and interest is too indefinite and that the court was without jurisdiction over the subject of the action in so far as the cross-complaint was concerned.

These contentions will be considered in the order named.

(1) The cross-complaint for separate maintenance alleges extreme cruelty. Findings being waived, it may be assumed the court found all of the allegations to be true.

As it stood at the time judgment was rendered section 137 of the Civil Code provided: "The court, in granting the wife permanent support and maintenance of herself, or of herself and children, in any such action, shall make the same disposition of the community property and of the homestead, if any, as would have been made if the marriage had been dissolved by the decree of a court of competent jurisdiction."

This section furnishes ample authority for the trial court's action in making the community property award.

The case of *Johnson* v. *Johnson,* 33 Cal. App. 93 [164 Pac. 421], relied upon by appellant, is not applicable, since it interpreted section 137 of the Civil Code as it stood before the clause in reference to the disposition of community property was inserted.

With respect to the disposition of the community property, appellant attacks the validity of the judgment on the ground that the award of $200 a month was the only award made for support and maintenance, claiming that the award of the community property was not for support and maintenance, but was in addition thereto. He cites as authority the case of *Sherman* v. *Sherman,* 47 Cal. App. 210 [190 Pac. 465], where the court says that when "the community property is awarded to plaintiff without dissolution of the marriage, such award can be sustained only upon the theory that it is necessary and reasonable for the maintenance and support of the wife or for the wife and children, where such relief is sought."

While the rule is correctly stated, we cannot agree with appellant's contention. The cross-complaint for separate maintenance stated a cause of action on the ground of extreme cruelty (there being allegations specifying acts of cruelty which bear no relation to those which might be construed as constituting desertion), referred to the community property, alleged the sum of $350 a month to be a reasonable sum to be paid respondent by appellant for the support and maintenance of respondent and the minor children, prayed for a decree of separate maintenance re-

quiring appellant to pay that sum, for a decree awarding the custody of the children to respondent, and for general relief.

The Sherman case was a default case and the court there held that the trial court erred in assigning the entire community property to the plaintiff because there was no allegation that the community property was necessary for support and maintenance and no notice was given to defendant that any disposition of the community property was sought.

The rule is entirely different in contested cases. "In contested cases the relief granted is not limited to that specifically prayed for, as is the case where judgment goes by default. Any relief authorized by the facts alleged and proved or admitted may be awarded." (14 Cal. Jur., p. 986, and cases cited.)

It is true that in the case at bar the cross-complaint did not specifically allege that the community property was necessary for the maintenance of respondent and her minor children, nor was disposition of the community property specifically asked. However, the court had complete jurisdiction of the parties, their property and their children. Both parties were in court, the case was strenuously contested and the respective needs of those over whom jurisdiction was exercised were fully inquired into.

It may well be that when the evidence disclosed that appellant's salary was reduced and he was unable to pay the $350 a month which respondent prayed for, the court found such sum was nevertheless reasonably necessary for the support and maintenance of respondent and her children, and thereupon awarded as its equivalent the sum of $200 a month and the home place, free of taxes, interest, and insurance.

While the decree does not specifically say that the community property is awarded respondent "for the support and maintenance of herself and her minor children," it is clear from a reading of the entire judgment that its provisions were made for that purpose.

■ (2) The separation agreement above referred to was signed by the parties after the trial of the cause and submitted to the court prior to the rendition of judgment. It became a part of the record on appellant's motion for diminution of the record.

Under the terms of said agreement appellant agreed to pay $800 in cash on account of the sum of $3,300 due by virtue of an order for the temporary support and maintenance of respondent and her minor children, together with the further sum of $50 per month until the unpaid balance was fully paid. He agreed to pay the further sum of $200 per month for support and maintenance instead of the sum of $300 per month previously ordered by the court, agreed to pay and discharge all taxes, insurance, interest, and other charges accruing or that might accrue upon or against the community real property of said parties, and to renew all mortgages outstanding against said property. He also agreed that the payments due under the terms of said agreement should be made directly to respondent by appellant's employer.

Respondent agreed that the previous allowance of $300 per month for support and maintenance be reduced to $200, and that the court might make an order modifying its former order in that respect. It was agreed by both parties that they were left free to pursue their legal rights in said action or in any other action or proceeding with the one limitation that so long as the appellant's yearly salary remained at $5,000, his liability for the support and maintenance of respondent and her minor children should be the sum of $200 per month.

In so far as the minor children are concerned this agreement is void. The authority of the court to make necessary orders for the support of the minor children of the marriage is conferred by statute and its exercise cannot be limited or abridged by the parties. (9 Cal. Jur., p. 803; *Lewis* v. *Lewis*, 174 Cal. 336 [163 Pac. 42].)

Appellant and respondent further agreed that said agreement should be approved by appellant's employer, and that the moneys payable thereunder should be paid by the employer so long as appellant remained in his employ, and that upon the execution of the agreement, appellant, who was then in custody by reason of having failed to comply with the court's order for the payment of temporary support and maintenance, might be released from custody.

It will be noted that the court included in the judgment appealed from that portion of the agreement having to do with payments for the support and maintenance of the

respondent and her minor children, and also the provision in reference to the payment of insurance, interest, and taxes.

With reference to the payment of the $800 cash and $50 a month on account of back payments due for support and maintenance, the judgment gave respondent a money judgment for $2,150, that being the amount due under the terms of the previous order at the time judgment herein was rendered.

It will be seen that all of the provisions with which the court was concerned were included in the judgment. The parties could not bind the court in reference to installment payments on account of accrued alimony. The judgment in respect to the unpaid balance merely stated the sum due under the former order. The parties did not stipulate that such order be modified; they simply agreed as to the manner of payment. Neither did any reference to appellant's employer, nor to appellant's release from custody, have a place in the judgment.

(3) The attack on that portion of the judgment which provides that appellant pay to respondent "sufficient money to pay all taxes due or hereafter to become due upon the real property hereinabove described, the cost of fire insurance on the improvements erected thereon up to the full value of said improvements, the amount of all interest payable on the mortgage or deed of trust which is now a lien upon said real property, or upon any mortgage or deed of trust which may hereafter be placed upon said real property for the purpose of renewing the present mortgage or deed of trust thereon, and the cost of renewing the said mortgage or deed of trust" on the ground of uncertainty presents a more troublesome problem.

The general rule is that in case the judgment is for money it must be stated with certainty (1 Freeman on Judgments, 5th ed., par. 84), and a money judgment should specify the amount (14 Cal. Jur., p. 956).

The rule laid down by Mr. Justice Shaw, in the case of *Title Ins. Co.* v. *Miller & Lux,* 183 Cal. 89 [190 Pac. 440], however, should be applied. There the court said: "The contention that the decree is void for uncertainty is also untenable. The claim for which the lien was imposed was for moneys to become due in the future, the amount of which could not be determined in advance. If the lien

existed it could be enforced when the moneys become due to Miller & Lux under the provisions of the agreement of 1888 aforesaid, and the agreement of October 6, 1898, aforesaid, both of which were referred to in the decree of distribution. The amount thereof could be established at that time, but not before. The plaintiff argues that the decree leaves it to Miller & Lux to be the sole judge of the amount of expenses to be incurred, and therefore delegated to that corporation the functions of the court. This, however, is obviously not the case. The decree of distribution merely imposed the lien for whatever amount should legally become due thereafter to Miller & Lux on account of the agreements referred to. It would, of course, be necessary, if there was any dispute about these amounts, or their validity, or legality, that Miller & Lux should resort to a court of competent jurisdiction to establish and enforce its lien. That corporation would not be the sole judge of the legality or extent of the charges to be imposed. If they were not justified under the contracts referred to, if they were improper charges, or if the contracts do not authorize Miller & Lux to charge the expenses claimed against the owner of the land, then, of course, the court to which the matter was submitted would refuse to declare or enforce a lien therefor.''

In that case the parties to be bound by the lien were present in court and agreed to the distribution made and to the imposition of the lien. In the present case the appellant agreed in writing to make the payments on account of taxes, insurance and interest, and we believe the court was justified in including the terms of the agreement in its judgment.

(4) The remaining question is that of the jurisdiction of the court to hear the matters and things alleged in respondent's cross-complaint.

In this regard appellant contends that the cross-complaint is fatally defective in that it does not allege that the cross-defendant was a resident of the state of California. It was neither necessary to allege nor prove this fact. Section 128 of the Civil Code provides that: ''A divorce must not be granted unless the plaintiff has been a resident of the state one year, and of the county in which the action is brought three months, next preceding the commencement of the

action; provided, that a cross-complainant in an action for divorce need not be nor have been a resident of the state or of the county in which the action is brought or pending in order to entitle such cross-complainant to a divorce in said action.''

The cross-complainant alleged that she was a resident of the state. Plaintiff alleged that he was a resident of the state, and both allegations were proven true.

Judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.