[S. F. No. 12078. Department Two.—April 10, 1928.]

EMMA PARKER, Respondent, v. J. W. PARKER, Appellant.

Reisner & Deming for Plaintiff.

Howe, Hibbitt & Johnston and O. F. Meldon for Defendant.

SHENK, J.—The plaintiff and the defendant herein were married in November, 1902. In 1912 the plaintiff sued the defendant for divorce on the sole ground of wilful neglect. The complaint alleged the weekly earnings of the defendant and that there was, as the issue of said marriage, a minor child, Gladys Madeline Parker, aged seven years. The prayer was for a decree dissolving the bonds of matrimony; that the plaintiff have the care and custody of the minor child and "for such other and further relief as to the court may seem proper." There was no specific prayer for alimony or for maintenance of the child. On May 21, 1912, the default of the defendant was entered for failure to answer after his demurrer had been overruled. The cause came on for hearing as a default matter on June 10, 1912, whereupon an interlocutory decree was granted. This decree contained the usual provisions entitling the plaintiff to a final decree of divorce upon the expiration of one year from the entry of the interlocutory decree and provided that the plaintiff have the custody of the minor child. In addition, the interlocutory decree set forth the following: "It is further ordered that the defendant pay to plaintiff the sum of forty dollars ($40.00) per month for the support of plaintiff and Gladys Madeline Parker, the minor child of said marriage." On May 28, 1914, a final decree of divorce was made and entered incorporating the same provisions for the custody of the minor child and for the support of the plaintiff and said child as were contained in the interlocutory

decree. On June 5, 1914, or eight days after the entering of the final decree, the plaintiff married one E. W. Pappert at the city of Visalia. The plaintiff and said Pappert lived together as husband and wife until May, 1923, when they separated. On May 15, 1923, the plaintiff instituted an action for divorce against said Pappert and obtained an interlocutory decree therein on October 24, 1925. Prior to the commencement of the second divorce action the plaintiff and said Pappert entered into a property settlement wherein and whereby certain real property in the city of Oakland was set apart to the plaintiff, from which she received an income of $75 per month. In addition to the property settlement the court, upon the institution of the second divorce action, awarded temporary alimony to the plaintiff in the sum of $50 per month, said payments to continue to May 1, 1925. The temporary alimony was paid by Pappert as required. On the twenty-seventh day of May, 1925, the plaintiff, under the name of Emma Parker, made an affidavit and presented the same to a judge of the superior court in and for the city and county of San Francisco, in which the original decree of divorce had been granted. In this affidavit she set forth the entry of the judgment in the original divorce action and the requirement therein that the defendant, J. W. Parker, pay to the plaintiff the sum of $40 per month "for the support of plaintiff and Gladys Madeline Parker." It was further averred that none of said payments had been made except the sum of $480 and that there was then due and owing to the plaintiff on account of said judgment the sum of $4,360 and interest thereon, said sum being the amount claimed to be due from June 10, 1913, to and including July 10, 1922. The affiant prayed for an order directing execution to issue for the sum of $4,360 and interest. The application, made *ex parte,* was granted and the judge made an order directing that execution issue. Pursuant to said order the clerk of the court, on May 27, 1925, issued the execution directed to the sheriff of Sacramento County where the defendant herein was engaged in business.

On June 5, 1925, the defendant made a motion, duly noticed in the superior court at San Francisco, to vacate the order of May 27 directing execution to issue and to recall the execution issued on that day. This motion was

supported by the affidavit of the defendant and was made on numerous grounds, some of which are and others of which are not now urged on this appeal. The plaintiff filed a counter-affidavit on the hearing of the motion at which both parties were represented. The matter was taken under submission and under date of September 23, 1925, the court made an order denying said motion. In this order it was recited that the court, on the hearing of the motion, had received evidence, ''oral and documentary adduced by the parties respectively,'' and the court found from such evidence that the sum of $560 had been paid by the defendant on account of the judgment in said action; that on the fifth day of June, 1914, the plaintiff intermarried with said E. W. Pappert and ever since said date and up to on or about the twenty-fourth day of October, 1924, the plaintiff and said Pappert had lived together as and continued to be husband and wife, and that the minor child became of age on the tenth day of August, 1922. It was then ordered as follows: ''It is therefore ordered, adjudged and decreed that said judgment and execution be and the same are hereby modified so that the plaintiff may recover under said judgment the sum of $20 per month for the period of five years immediately preceding the 10th day of August, 1922, to wit: the total sum of $1,200 exclusive of the amount heretofore paid by the defendant to the plaintiff.'' The order also authorized and directed the sheriff of Sacramento County to amend said execution so that the plaintiff should recover the sum of $1,200 in lieu of the amount stated in said execution. The motion of the defendant to vacate the order directing the issuance of execution and to recall the same was denied.

The defendant has appealed from the whole and each part of said order of September 23, 1925, and the plaintiff has appealed from that portion of said order modifying and reducing said judgment and execution to the sum of $1,200.

■ The appeal of the defendant will first be considered. It is contended by him that the court was without jurisdiction to direct an execution on said judgment. It is insisted that said judgment is void on its face, for the reason that the relief therein granted was in excess of the relief demanded in the complaint. The claim is based on the fact that the complaint did not demand support for the plaintiff or the minor child and that the judgment included a provi-

sion for such support in alleged contravention of section 580 of the Code of Civil Procedure which provides: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint"; also of subdivision 2 of section 585 of the Code of Civil Procedure which provides that in such cases the plaintiff may, on the default of the defendant, "apply to the court for the relief demanded in the complaint." The defendant also cites numerous cases in support of his contention, including *Brooks* v. *Forington,* 117. Cal. 219 [48 Pac. 1073]; *Foley* v. *Foley,* 120 Cal. 33 [65 Am. St. Rep. 147, 52 Pac. 122]; *Staack* v. *Bell,* 125 Cal. 309 [57 Pac. 1012]; *Bennett* v. *Bennett,* 50 Cal. App. 48 [194 Pac. 503]; and *Von der Kuhlen* v. *Degel,* 51 Cal. App. 416 [196 Pac. 913]. He also cites *Staack* v. *Bell, supra,* to the effect that the prayer for general relief does not enlarge the power of the court to grant relief not prayed for against the defaulting defendant. None of the cases relied upon go to the length of holding that the granting of relief in excess of that demanded by the complaint renders the judgment void on its face. They do, however, uniformly hold that the granting of such excessive relief is erroneous, from which relief may be granted under section 473 of the Code of Civil Procedure or which may be corrected by appeal, either by a reversal or by a modification of the judgment, neither of which courses was pursued by the defendant in this case. It was held by this court in *Cohen* v. *Cohen,* 150 Cal. 99 [11 Ann. Cas. 520, 88 Pac. 267], which case has not been overruled or criticised so far as we are advised, that a judgment by default for alimony in a divorce action under a prayer for general relief, but where no alimony was specifically demanded, was not void and was not subject to a collateral attack such as is here attempted to be made. (See *Harlan* v. *Harlan,* 154 Cal. 341 [98 Pac. 32]; *Stone* v. *Stone,* 58 Cal. App. 415 [208 Pac. 993].) It is also insisted that the judgment is void on its face for the reason, so it is claimed, that the judgment for the support of the plaintiff and said minor child was not of the same character as the relief specifically demanded, namely, for the dissolution of the bonds of matrimony and for the custody of the child; that the relief specifically demanded is for a judgment *in rem* affecting the marital status and the custody of the minor

child and that the alleged excessive relief is a judgment *in personam* or a money judgment against the defendant.
 Here again it was held in *Cohen* v. *Cohen, supra,* that an award of alimony is so germane to the cause of action for divorce as that, under a prayer for general relief, the court would have jurisdiction to make it even though error might thereby be committed in exercise of such jurisdiction.

 It is further urged that the original order for the issuance of the execution is void as having been made without notice to the defendant. It has been the law of this state since 1861 that the court, under section 685 of the Code of Civil Procedure (which was a continuation of section 214 of the Practice Act), has power *ex parte* to order the issuance of an execution on a judgment which has become final more than five years before the application. (*Bryan* v. *Stidger,* 17 Cal. 270; *Harrier* v. *Bassford,* 145 Cal. 529 [78 Pac. 1038]; *Doehla* v. *Phillips,* 151 Cal. 488 [91 Pac. 330]; *Creditors' Adjustment Co.* v. *Newman,* 185 Cal. 509 [197 Pac. 334]; 11 Cal. Jur. 50.) Although the court may in proper cases direct that notice of the motion be given (*McAuliffe* v. *Coughlin,* 105 Cal. 268 [38 Pac. 730]), and in some cases it might be an abuse of discretion not to require notice (*Harrier* v. *Bassford, supra*), in the present case, if the court had been apprised of the facts in the affidavit of the plaintiff on which the application for the issuance of the execution was based, a notice of the motion might well and probably would have been required. In fairness to the court, at least, the plaintiff should have set forth the facts with reference to the parties at the time. The plaintiff made the application as Emma Parker when, in fact, her name at the time was Emma Pappert. The court was not informed of the fact that she had remarried within a few days after the entry of her final decree of divorce from the defendant Parker, had lived with her second husband for more than ten years thereafter; that the minor child had lived with the plaintiff and the stepfather for most of the time during her minority, had become of age and had married prior to said application. All of these matters would have been pertinent in the consideration by the trial court of the application and in the determination as to what extent, if at all, the relief should have been granted in the exercise

of a wise discretion. But the failure of the plaintiff to disclose the true situation did not go to the jurisdiction of the court to act on the *ex parte* motion. If the defendant, as judgment debtor, had good cause to show against the issuance and enforcement of process he had his remedy by a motion to vacate the order and to recall the execution. This motion was made and denied, which brings us to the point of considering whether the court abused its discretion in denying that motion when on the hearing thereof the true situation of the parties was presented.

■ During the marriage of the plaintiff with Pappert she was presumptively supported by him. (*Cohen* v. *Cohen, supra; McKay* v. *McKay,* 125 Cal. 65 [57 Pac. 677].) She attempted to show on the hearing of the motion to vacate that during the time she lived with Pappert the latter's earnings were wholly insufficient to support herself and the child, but this averment in her affidavit was merely a conclusion and could not be controlling as such in the light of her additional averment that said Pappert was earning a salary of $300 per month and that the court in the second divorce action had actually awarded her $50 per month as alimony which had been paid. ■ The court in the present proceeding made no finding that Pappert was unable to support his wife during their marriage and the record does not present facts from which it may reasonably be said that such a finding could be implied. Such a showing and a finding based thereon, we think, were essential to a valid order requiring a former husband to continue to support his former wife during her marriage to another man. Furthermore, the fact that the plaintiff waited for over 10 years before the original judgment was sought to be enforced by her, and during which she was the wife of another man, furnished a cogent reason which should have appealed to the discretion of the trial court in determining whether the order for execution should issue. The showing made on the motion to vacate the order and recall the execution was sufficient to compel the granting of the motion. The subsequent order of the court made in an endeavor to modify the original judgment so as to provide therein for the sum of $20 per month for the support of the plaintiff and the minor child for a five-year period immediately preceding the tenth day of August, 1922, when the child became

of age, and to amend or modify the execution accordingly, is persuasive to the effect that the court realized that the amount for which the execution was first directed to issue, to wit: the sum of $4,360, was excessive. The denial of the motion to vacate the order and recall the execution must therefore be deemed to have been an abuse of discretion requiring a reversal of the order denying the motion unless it may properly be held that the subsequent order, in so far as it directs that execution be amended so as to provide for the collection of $1,200, be valid and effective notwithstanding such denial.

■ It is contended by the plaintiff that the portion of the order of September 25, 1925, directing the modification of the original judgment so as to provide that the plaintiff recover $20 per month, instead of $40 per month as in said judgment originally provided, was beyond the power of the court. The original judgment had long since been final. No appeal was taken therefrom and in the intervening years no application ever was made by the defendant for a modification thereof. It is beyond question that the court had jurisdiction in the original proceeding for divorce upon a proper pleading and evidence to award support to the wife and to the minor child and that the court retained jurisdiction to modify its order for such support from time to time also upon a proper application and showing, the said modification to operate prospectively (Secs. 138, 139, Civ. Code; *Harlan* v. *Harlan, supra*), but no authority has been cited and we have discovered none which would authorize or justify the court merely on an application under section 685 of the Code of Civil Procedure for the issuance of an execution to enforce payments theretofore accrued on a final judgment to modify said judgment and give the same retroactive effect. Section 138 of the Civil Code authorizes the court, in the divorce action, to provide for maintenance and support of the child "during the minority" of the child, and the court is given power to modify or vacate the order "at any time." But the phrase "at any time" must necessarily refer to any time "during the minority" of the child specified in the earlier part of the section. Then, too, the order of modification must, we think, have a prospective effect and apply to payments thereafter to be made during such minority. Where, as here, the minor became of age and

married prior to such order of modification, such order could not disturb the accrual of payments under the original judgment. But whether such payments should be enforced and the manner of the enforcement of the same require separate consideration. The order of the court which is here assailed provides for the payment of the full sum to the plaintiff, Emma Pappert, formerly Emma Parker, and to cover a period of time during which she was the wife of a man other than the defendant with no showing that she was entitled to the same during that period. If the amount ordered paid as intended by the court to constitute a proper payment for the benefit of the daughter during a period before she became of age, it must be said that such a conclusion may be reached only by speculation and not from a consideration of the language of the order.

On the showing developed during the proceeding in the trial court, it is clear that the plaintiff was not entitled to the order directing execution to issue and the court should have granted the motion to set aside said order and to quash the levy under the execution. The order denying that motion should therefore be reversed, with directions to the trial court to grant the same. Likewise, the order modifying the judgment from which the plaintiff has taken an appeal should be reversed for the reason that it was beyond the power of the court so to modify said judgment as to make said modification operative on payments already accrued under the judgment. It is so ordered.

Richards, J., and Langdon, J., concurred.