[Civ. No. 82. Fourth Appellate District.—February 2, 1931.]

NELL LEONE WALLACE, Respondent, v. OLIVER G. WALLACE, Appellant.

Charles Bagg and Philip Cohen for Appellant.

Surr & Hellyer and John B. Surr for Respondent.

JENNINGS, J.—The defendant Oliver G. Wallace has appealed from a judgment rendered against him in the amount of $3,184 and costs. The language of the decree from which defendant appeals is as follows: "It is ordered, adjudged and decreed that plaintiff, Nell Leone Wallace, have and recover from the defendant Oliver G. Wallace the sum of $3184.00 and that said defendant pay said plaintiff said sum of $3184.00 for her support and maintenance pursuant to the provisions of the property settlement agreement between them, dated January 26th, 1924, as approved, confirmed and made a part of that certain Interlocutory Decree dated September 15th, 1924, rendered in the Superior Court of the State of Washington, for King County, in the action then pending between plaintiff and defendant, said action being numbered 176218 of the files and records of said court, and because of the salary earned by the said defendant to and including July 27th, 1929."

The record discloses that on January 26, 1924, the parties to this action entered into an agreement at Seattle, King County, Washington, which agreement stated that it was made for the purpose of settling the property rights of the parties thereto. This agreement, after providing for the transfer and conveyance of certain personal property

and the payment of certain moneys by the husband to the wife, contains the following provisions with respect to the payment of certain sums for the maintenance of the wife: "That in addition to the sums hereinbefore set forth, the party of the second part does hereby agree that he will pay the party of the first part for her support and maintenance until such time as she shall remarry, the following sums, to wit: (a) The sum of One Hundred Seven Dollars and Fifty Cents ($107.50) a week when and while the salary of the second party is Four Hundred Dollars ($400.00) a week; (b) One fourth of the weekly salary earned by the party of the second part when and while his weekly salary is less than Four Hundred Dollars ($400.00) a week." The record also discloses that on August 12, 1924, the plaintiff, Nellie L. Wallace filed an action for divorce against the defendant O. G. Wallace on the ground of cruelty, praying for a dissolution of the marriage and for an order that the defendant O. G. Wallace pay to her the sum of $100 for payment to her attorneys for the prosecution of the action and for her costs and for such other and further relief as should seem just to the court in the premises. To this complaint, on August 15, 1924, the defendant filed an answer. The action came on for hearing in the Superior Court of the State of Washington for King County on September 15, 1924. The findings of the court recite that the plaintiff appeared in person and by her attorney and that the defendant appeared by his attorney and that the State of Washington was represented by the prosecuting attorney of King County. The findings also contain a recital that the plaintiff and defendant in the action had theretofore entered into an agreement as to property rights and alimony which had been submitted to the court. In its conclusions of law based upon the findings of fact the court provided that the contract and agreement regarding property rights and alimony theretofore entered into between the parties be embodied in the decree to be entered in the action. The interlocutory decree signed by the judge of the court on September 15, 1924, ordered and decreed "that the agreement heretofore made between the plaintiff and defendant covering the property rights and provisions for alimony and costs of this action, a copy of which is attached hereto and made a part hereof,

be and the same hereby is approved and confirmed and made a part of this interlocutory decree, and that the defendant pay the plaintiff costs herein and an attorney's fee of $100.00''. Attached to and forming a part of the decree is a copy of the agreement entered into between the parties on January 26, 1924. On March 16, 1925, a final decree of divorce was signed by a judge of the Superior Court of the State of Washington for King County in which final decree the entry of the interlocutory order of divorce on September 15, 1924, was recited and the court, finding that the defendant had been duly and regularly served with summons in the action by personal service in the state of Washington and that the court had jurisdiction over the person of the defendant and the subject matter of the action, confirmed its previous findings of fact and conclusions of law and its interlocutory order 'and decreed that the marriage theretofore existing between the plaintiff and defendant be finally dissolved and that the plaintiff be granted an absolute divorce from the defendant.

The complaint filed by the plaintiff in the present action is entitled a complaint for money. It contains recitals relative to the intermarriage of the parties, their entering into the agreement for property settlement on January 26, 1924, the institution of the action for divorce in the state of Washington, the appearance in such action of the defendant, the entry of the interlocutory decree of divorce by the Washington court, the fact that there was no modification or reversal of such decree and that there had been no appeal from it, due performance by the plaintiff of all conditions of said property settlement agreement, the rendition of the final decree of divorce on March 16, 1925, in the state of Washington, and the specific provisions contained in said property settlement agreement relating to the payment of money for the maintenance and support of plaintiff. The complaint further alleges that defendant made the payments provided for in the property settlement agreement up to April 7, 1928. Finally there are allegations respecting the total earnings of the defendant subsequent to April 7, 1928, and the amount claimed by plaintiff in accordance with the provisions of the property settlement agreement and the judgment in the divorce action. To this complaint the defendant interposed a demurrer both general

and special, the special demurrer being on the grounds that the complaint is ambiguous, unintelligible and uncertain for the reason that it could not be ascertained therefrom whether the action was based on a contract or was an action upon the judgment. In due time this demurrer was overruled. Thereafter the defendant filed his answer in which he admits the filing of the complaint for divorce in the state of Washington, his appearance in the divorce action in said state and his filing of an answer to the plaintiff's complaint in said suit, the entry of an interlocutory decree for divorce on September 15, 1924, attacks the jurisdiction of the Washington court to render a decree requiring the payment of any sums to the plaintiff as alimony or for her support, admits that the plaintiff has never remarried, admits that by the terms of the property settlement agreement he agreed to make the payments specified for the support and maintenance of the plaintiff, sets out specifically in detail the weekly salary earned by him at specified intervals subsequent to April 7, 1928, denies that the sum claimed by the plaintiff is due to her, for the reason that the property settlement agreement executed by the parties was void as being contrary to the public policy of the state of Washington, where it was executed and contrary to the public policy of the state of California and alleges seven further defenses to the plaintiff's complaint.

Counsel for appellant attacks the judgment of the trial court on a number of different grounds which we will attempt to consider and discuss *seriatim.* ■ It is first contended that the demurrer to the complaint should have been sustained on the ground that it is impossible to discover from the complaint whether the present action is one on a judgment rendered in the state of Washington or is an action based upon a contract. This objection is without merit unless it appears that the demurring party was misled by the defects in the pleading (*Stein* v. *United Railroads,* 159 Cal. 368, at 370 [113 Pac. 663]). Inasmuch as the appellant filed his answer which, as he declares, required eight separate defenses because of the uncertainty of the complaint, it is obvious that he was not misled by the alleged defects in the pleading.

■ Appellant further objects that the action in the state of Washington was for divorce only and for attorney's

fees; that no reference to any property settlement agreement is to be found in the complaint for divorce; that in the divorce complaint there is no allegation of need for financial support by the plaintiff and that therefore that portion of the decree of the Washington court providing for the payment of any sums for plaintiff's maintenance was outside the issues, beyond the jurisdiction of the court and void. This contention may not be successfully maintained. A judgment granting relief in excess of that demanded in the complaint is not a void judgment nor is it thereby rendered susceptible to collateral attack (*Cohen* v. *Cohen,* 150 Cal. 99 [11 Ann. Cas. 520, 88 Pac. 267]; *Parker* v. *Parker,* 203 Cal. 787 [266 Pac. 283]), although the granting of excess relief is erroneous and may form the basis for direct attack (*Bennett* v. *Bennett,* 50 Cal. App. 48 [194 Pac. 503]).

█ The third ground of objection is that the judgment of the Washington court in the divorce suit, in so far as it provides for the payment of alimony, is too indefinite and uncertain in its terms to form the basis of an action. This objection is not without merit. The trial court unquestionably adopted the theory that the action was one brought upon a foreign judgment. The decree rendered by the superior court in the state of Washington is not a judgment for a definite sum. Such a decree may therefore appear to be vulnerable to the objection here urged for the general rule is that where the judgment is for money it must be stated with certainty (1 Freeman on Judgments, 5th ed., par. 84) and a money judgment should specify the amount (14 Cal. Jur., p. 956). But a decree that provides for the payment of alimony periodically in the future is necessarily indefinite to some extent. █ Nevertheless, where the decree provides for the future payments of fixed installments of alimony and there has been no modification of it prior to the maturity of such installments and its enforcement is not by the law of the state where it is rendered left so completely within the discretion of the courts of that state that they may annul or modify it, such a decree is, as to installments past due and unpaid, within the protection of the full faith and credit clause of the federal Constitution (*Sistare* v. *Sistare,* 218 U. S. 1 [54 L. Ed. 905, 30 Sup. Ct. Rep. 682, 686, 20 Ann. Cas. 1061,

28 L. R. A. (N. S.) 1068, see, also, Rose's U. S. Notes]). In the Sistare case, *supra*, the Supreme Court of the United States uses the following language: "Generally speaking, where a decree is rendered for alimony and is made payable in future instalments, the right to such instalments becomes absolute and vested upon becoming due and is therefore protected by the full faith and credit clause provided no modification of the decree has been made prior to the maturity of the instalments, since, as declared in the Barber case (21 How. (U. S.) 582 [16 L. Ed. 226]), 'alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is'."

So under the provisions of the decree of the Washington court it would appear that the right to weekly installments, even though the amount of such installments was contingent upon the amount earned weekly by the appellant, became absolute and vested upon becoming due. ■ A decree that merely adopts the language of a property settlement agreement entered into between the parties should not be held invalid for uncertainty, particularly when the agreement is submitted to the court by the parties or their legal representatives for the express purpose of having it incorporated in the decree. (*D'Arcy* v. *D'Arcy,* 89 Cal. App. 86 [264 Pac. 497].) Under such circumstances, as the court said in the case of *D'Arcy* v. *D'Arcy, supra,* the rule laid down by Mr. Justice Shaw, in the case of *Title Ins. & Trust Co.* v. *Miller & Lux,* 183 Cal. 89 [190 Pac. 433, 440], should be applied and the objection that the decree is invalid for uncertainty should not be allowed.

The interlocutory order of the superior court in the state of Washington, was not subject to modification by the court (Remington's Compiled Stats. of Washington, sec. 988; *Ruge* v. *Ruge,* 97 Wash. 51 [L. R. A. 1917F, 721, 165 Pac. 1063] ; *State* v. *Superior Court,* 131 Wash. 13 [228 Pac. 702]). Furthermore a final decree of divorce which confirmed the interlocutory order was rendered on March 16, 1925, and no appeal lies from such final judgment (Remington's Comp. Stats. of Washington, sec. 988-1).

■ Appellant further complains that the ruling of the trial court holding that the present action is one brought to recover on a foreign judgment produces the result that the

decree of the Washington court is permitted to operate on property without its jurisdiction since the divorce decree incorporates and confirms the property settlement agreement by whose provisions appellant agreed to pay respondent for maintenance one-fourth of the weekly salary earned by him when his salary is less than $400 per week and the evidence shows that the only salary affected is salary earned in the state of California. Such an objection is untenable. The clear meaning of the language adverted to is that appellant agreed that he would pay for respondent's maintenance an amount equal to one-fourth of his weekly salary when it should be less than $400 a week. This meaning is manifest since the language of the agreement is "The party of the second part does hereby agree that he will pay . . . the following sums".

It is further urged that the judgment of the Washington court which forms the basis for the present action is void as to that part of it which provides for the payment by appellant of money for respondent's maintenance because the property settlement agreement incorporated in the decree of the Washington court is an attempted assignment of future salary arising from an employment not at the time in existence or in contemplation. This objection is without merit. The property settlement agreement is an executory contract. It does not purport to create an assignment.

Finally it is urged that the trial court erred in holding that the present action was one based upon a foreign judgment and that the action is in reality one based upon the property settlement agreement of the parties which is subject to the attack proposed by appellant that it was an agreement entered into in contemplation of divorce, in aid of divorce, and therefore *contra bonos mores*. This point must also be decided adversely to appellant's contention. The agreement was merged in the judgment which was rendered by a court of competent jurisdiction. It is supported by the conclusive presumption that every fact necessary to sustain it was properly brought before the court (*Julier* v. *Julier*, 62 Ohio St. 90 [78 Am. St. Rep. 697, 56 N. E. 661]).

For the reasons hereinabove set forth the judgment of the trial court should be affirmed and it is so ordered.

Barnard, P. J., and Marks, J., concurred.