[Civ. No. 13190.   Second Dist., Div. Two.   Feb. 3, 1942.]

RUTH B. P. DARSIE, Respondent, v. WILLIAM WATTERS DARSIE, Appellant.

Joe Raycraft for Appellant.

Louis Lombardi and G. L. Funai for Respondent.

McCOMB, J.—From the portion of a judgment in an interlocutory decree of divorce awarding alimony to plaintiff, defendant appeals.

These are the essential facts:

Plaintiff filed a complaint for divorce from defendant, to which defendant filed an answer and cross-complaint. Subsequently the parties executed a property settlement agreement and stipulated that plaintiff could file an amended complaint and that the clerk of the court be authorized to set the case for trial upon the amended complaint as a default matter.

An amended complaint was filed, the prayer of which read thus:

"WHEREFORE, plaintiff prays that the bonds of matrimony now existing between plaintiff and defendant be dissolved, and for such other and further relief as to the Court may seem just."

Thereafter the court entered defendant's default to the amended complaint. At the time of the hearing of the application for divorce defendant's counsel was present in the same courtroom where the matter was being heard in connection with another case, but declined to appear in the present action. Thereafter the trial judge entered an interlocutory judgment of divorce providing, among other things, that the defendant pay to plaintiff the sum of $5 per month as alimony until the further order of the court.

It is necessary for us to determine two questions, which will be stated and answered hereunder *seriatim*.

*First: Does section 580 of the Code of Civil Procedure apply to a case where the defendant fails to answer an amended complaint and his default is duly entered upon such amended complaint, and where prior thereto defendant has answered the original complaint and has entered into a property settlement and stipulated that the action may be set as a default matter?*

This question must be answered in the affirmative. The law is established in California that an amended complaint

494

supersedes the original complaint and thereafter the original complaint performs no function as a pleading. (*Bray* v. *Lowery,* 163 Cal. 256, 260 [124 Pac. 1004]; *Collins* v. *Scott,* 100 Cal. 446, 453 [34 Pac. 1085].) Therefore, since in the present case an amended complaint was filed by plaintiff, it superseded the original complaint as a pleading, and defendant's acts with reference to the original complaint may not be considered in determining his status with reference to the amended complaint. ■ In the present case, since defendant did not answer or appear in response to the amended complaint, his default was properly entered. The fact that defendant's counsel was present in the same court on another matter at the time of the hearing on the default in the instant case and expressly declined to participate in the proceeding makes it clear that defendant was not represented by counsel at the time the order in question was made.

■ *Second: In an action for divorce, where the prayer of the complaint fails to request alimony and defendant's default is duly entered, is it error for the trial court to make an award of alimony to plaintiff?*

The second question must likewise be answered in the affirmative, and is governed by the following rules:

(1) A divorce action is in the nature of an action in equity. (*Harron* v. *Harron,* 123 Cal. 508, 509 [56 Pac. 334].)

(2) In California there is but one form of civil action for the enforcement of private rights or the redress of private wrongs. (Sec. 307, Code Civ. Proc.)

(3) The relief granted to a plaintiff in a divorce action, if no answer be filed, cannot exceed that which is demanded in the complaint. (Sec. 580, Code Civ. Proc.; *Bennett* v. *Bennett,* 50 Cal. App. 48, 49 [194 Pac. 503]; *Lang* v. *Lang,* 182 Cal. 765, 769 [190 Pac. 181]; see *Horton* v. *Horton,* 18 Cal. (2d) 579 [116 Pac. (2d) 605].)

Applying the foregoing rules to the facts of the instant case, this being a divorce action it came under the equitable cognizance of the court. Since in California there is only one form of action, section 580 of the Code of Civil Procedure was applicable; and as plaintiff had failed to apply for alimony in the prayer of the amended complaint, to which defendant's default was entered, it was error for the trial court to make an order awarding plaintiff alimony.

■ The foregoing conclusion does not deprive the court of

the power given it under section 139 of the Civil Code to provide for the maintenance of children and the wife where a divorce is granted for an offense of the husband. Should the trial court be of the opinion that an award of alimony is proper in a case where a default has been entered to a complaint for divorce which fails to contain a prayer for alimony, the court may order that the default be set aside, the prayer of the complaint amended to demand alimony and that the complaint as amended be served upon the defendant. Or, the trial judge may issue an order to show cause, requiring defendant to appear and show cause why he should not be required to pay alimony for the support of his wife and/or children.

The precise point presented in the instant case was decided by this court in the year 1920, in the case of *Bennett* v. *Bennett, supra.* That case has been accepted by the legal profession as the correct rule for over twenty-one years. A question once deliberately examined and decided should be considered as settled and closed to further argument. Courts are slow to interfere with a principle announced by a decision and may uphold it even though they would decide otherwise, were the question a new one. (See 15 C. J. (1918) 916, sec. 304.)

A rule other than that announced in the Bennett case would require an attorney to advise his client in every divorce action to file an answer and be present at the hearing with witnesses so that his client might be protected from the whim or view of the trial judge at the time of the hearing of the application for divorce based on an incomplete presentation of the evidence; this even though the parties have entered into a property settlement which is fair and satisfactory to both of them. Such a rule would be contrary to section 580 of the Code of Civil Procedure and reason. We cannot see wherein it would serve any useful purpose to depart from the law as now established in this jurisdiction.

In *Parker* v. *Parker,* 203 Cal. 787 [266 Pac. 283], Mr. Justice Shenk, after citing *Bennett* v. *Bennett, supra,* at page 792, says:

"None of the cases relied upon go to the length of holding that the granting of relief in excess of that demanded by the complaint renders the judgment void on its face. They do,

however, uniformly hold that the granting of such excessive relief is erroneous, from which relief may be granted under section 473 of the Code of Civil Procedure or which may be corrected by appeal, either by a reversal or by a modification of the judgment, neither of which courses was pursued by the defendant in this case.''

See, also, *Wallace* v. *Wallace*, 111 Cal. App. 500, 506 [295 Pac. 1061], where *Bennett* v. *Bennett* is cited and approved.

For the foregoing reasons the decree is modified by striking therefrom the following: ''the defendant shall until further order of court pay to the plaintiff the sum of Five Dollars per month, payable on the first day of each month, commencing with the first day of May, 1941.'' Otherwise it is affirmed, defendant (appellant) to recover his costs on appeal.

Wood (W. J.), Acting P. J., concurred.

HANSON, J. pro tem., Dissenting.—I dissent:

On rehearing the court recedes from the view it expressed in its former opinion in this case, reported in (Cal. App.) 118 Pac. (2d) 898. The present opinion does not attempt to challenge the view there expressed. Instead, the decision is rested largely on the fact that as the procedural rule announced in the case of *Bennett* v. *Bennett* has been on the books for twenty years it should be followed because the profession has accepted it as the correct rule ever since. I do not know upon what data this assertion is made, but assuming its correctness the fact nevertheless is, as I pointed out in our original opinion, that alimony or support money has been awarded since the days of the Ecclesiastical courts not on issue joined but as an incident of divorce. The case turns on that point and that alone, and the majority opinion does not meet it. Accordingly, while I am reluctant to disagree with my associates I have here no other alternative.