[Civ. No. 14483. Second Dist., Div. Two. June 1, 1944.]

VERA H. EDDY, Respondent, v. EVERETT L. EDDY, Appellant.

Henry M. Lee for Appellant.

Paul R. Matthews and Wm. H. Hodges for Respondent.

MOORE, P. J.—The question for decision is whether that part of an interlocutory decree awarding plaintiff $100 per month is erroneous, in view of the absence from the prayer of the complaint of any demand for support money.

The appeal comes here on the judgment roll. The only documents contained are the following: (1) demurrer to complaint; (2) stipulation that the original complaint be withdrawn and the amended complaint filed; (3) the amended complaint; (4) order for default; (5) minute order for judgment; (6) interlocutory decree; (7) notice of appeal; (8) request for transcript.

The amended complaint is in the usual form for a divorce action based upon extreme cruelty. Paragraph seven alleges ''that a property settlement has heretofore been made affecting the community property of the parties for the support and maintenance of the plaintiff, including her attorney's fees.''

While the prayer asks that the property settlement be approved by the court, that document neither appears nor does

the judgment in terms approve it. After awarding plaintiff the custody of the minor child the decree proceeds: "Defendant ordered . . . to pay plaintiff $100 per month."

 Such order is clearly contrary to section 580, Code of Civil Procedure, which forbids the granting of relief in excess of that demanded, if there be no answer. The validity of such an order was before this court in the case of *Darsie* v. *Darsie*, 49 Cal.App.2d 491 [122 P.2d 64]. In that action the steps taken, the absence of a demand for support money, the default, the order for monthly payments in the decree, parallel the events of the instant case. We there held that where the prayer of the complaint makes no demand on the defendant for support and the default is duly entered, it is error for the trial court to make an award for such purpose. That decision followed *Bennett* v. *Bennett*, 50 Cal.App. 48 [194 P. 503], which held that in the absence of a prayer for alimony and of allegations upon which to base such prayer and no answer is filed, the relief granted plaintiff cannot exceed that which he shall have demanded in his complaint. (See *Staacke* v. *Bell*, 125 Cal. 309 [57 P. 1012]; *Cohen* v. *Cohen*, 150 Cal. 99 [88 P, 267, 11 Ann.Cas. 520]; *Benton* v. *Benton*, 122 Cal. 395 [55 P. 152]; *Metropolitan Life Insurance Co.* v. *Welch*, 202 Cal. 312 [260 P. 545]; *Parker* v. *Parker*, 203 Cal. 787 [266 P. 283].) These cases hold that in the absence of a prayer for support, the granting of excessive relief is erroneous; a defaulting defendant is entitled to assume that the only matter which will be determined by the court is the matter of divorce; that the prayer for general relief cannot enlarge the power of the court to award what is not specifically demanded.

While we recognize the privilege of plaintiff to demand in her prayer that the property settlement be approved and that the decree include an order for payments to be made in accordance with the contract of the parties, yet we have no power to ignore a plain, valid, procedural statute. It is an essential of the proper administration of justice that no unfair advantage ever be taken of any person. When it appeared to the court that justice required the payment of support money it should have set aside the default and authorized the filing and service of an amended complaint containing appropriate allegations and prayer for support money, after

which it would have been in position to include any appropriate orders in its decree. (*Darsie* v. *Darsie, supra.*)

It is ordered that the judgment be modified by striking therefrom the following words: "and to pay to plaintiff $100.00 per month." Appellant to recover costs on appeal.

Wood (W. J.), J., and McComb, J., concurred.