[Civ. No. 8951.   Third Dist.   Apr. 9, 1957.]

VIRA J. HILL, Respondent, v. THOMAS PRICE HILL, Appellant.

Paul Friedman for Appellant.

Lovett K. Fraser and Bruce B. Bruchler for Respondent.

VAN DYKE, P. J.—This is an appeal from an interlocutory decree of divorce granted for extreme cruelty. Appellant herein contends the apportionment of community property made by the trial court is unjust and asks this court to modify the judgment in that respect, and to instruct the trial court to enter judgment as so modified.

There can be no doubt that this court, as a reviewing court, is by statute given the power on appeal, and is charged with the duty on appeal, of changing the trial court's disposition of community property if, from a review of the record, this court feels that the apportionment made is unjust. It is equally well settled that in exercising this jurisdiction on appeal, reviewing courts do not approach the task from the standpoint of whether or not the trial court has been guilty of an abuse of discretion. Section 148 of the Civil Code provides:

"The disposition of the community property, and of the homestead, as above provided, is subject to revision on appeal in all particulars, including those which are stated to be in the discretion of the court."

The section has been in the code since 1872 and is in substantially the same language as a preceding section of the Practice Act enacted in 1857. The power has been exercised even on appeals based upon judgment rolls, as in *Strozynski* v. *Strozynski*, 97 Cal. 189 [31 P. 1130]. There, the findings upon the subject of cruelty were that "the defendant has treated her with extreme cruelty, has been guilty of extreme cruelty to her, has beaten her and called her vile names within the year past." Said the court, at page 191:

"By this section the legislature must have intended to subject the exercise of the discretion of the trial court, in dividing the community property, to revision on appeal from any apparent degree of error, though not amounting to an abuse of discretion; otherwise the section effected no change in nor added anything to the theretofore well-settled rule that the appellate court will not undertake to revise the exercise of discretionary power, except it appear that such power has been abused. And this construction of the section has been practically, if not expressly, adopted by this court." (Citing *Eslinger* v. *Eslinger*, 47 Cal. 62, *Brown* v. *Brown*, 60 Cal. 579, and other cases.)

In *Nelson* v. *Nelson*, 100 Cal.App.2d 348, 351 [223 P.2d 636], the court said:

"We grant appellant's contention that in a proper case, under California Civil Code, section 148, this court has the power to revise the trial court's disposition of community property upon the granting of a divorce, even in cases where the trial court's action does not amount to an abuse of discretion."

In *Falk* v. *Falk*, 48 Cal.App.2d 762, 770-771 [120 P.2d 714], this court said:

". . . The section confers upon the court a discretion in determining the amount of community property to be awarded to the respective parties where a divorce is granted on the ground of either adultery or extreme cruelty. That discretion must accord with justice in the light of the facts in a particular case and the condition or circumstances of the parties as provided by that section of the code. From the language of the second paragraph of that section [sec. 146], standing alone, it would seem that a division of the community property, under the circumstances contemplated therein, should not be disturbed on appeal except for an abuse of discretion. Section 148 of the Civil Code, however, confers authority on a court of review to revise the award of distribu-

tion of community property, regardless of the discretion vested in the trial court, so as to render justice pursuant to the provisions of section 146, as it appears to exist according to the judgment of the members of the reviewing court. In other words, the appellate courts have a discretion in dividing the community property pursuant to the mandate of section 146 which is paramount and superior to the discretion vested in the trial court under such circumstances.''

After a review of the entire record we have concluded that the apportionment of community property made under the decree appealed from ought to be modified.

■ Appellant and respondent herein were married September 22, 1922, and respondent began this action approximately 30 years later. There was one child of the marriage, a son, who, though a minor when the action was begun, had attained his majority during the pendency of the action. The marriage had been inharmonious during most of its existence, and appellant had from time to time and over varying periods of time been guilty of marital infidelity, much of which was known to respondent. For a considerable time appellant had also used intoxicating liquors, sometimes to excess, but had ceased to do so some six or seven years before the divorce action was begun. For some time before the action was begun, he had been guilty of violating his marriage vows by a continuing affair with a married woman, which infidelity did not cease with the filing of the action nor during the pendency thereof so far as the record discloses. Respondent testified, and appellant denied, that throughout the marriage relation there had been occasions when appellant would strike respondent, the number she testified to roughly approximately once a year during the existence of the marriage. We accept the fact of brutality as testified to by respondent and presumably found by the court. There was little if any conflict as to marital infidelity. Appellant's conduct cannot be condoned and affords good reason for awarding to the wife the greater part of the community property.

■ Apparently the decisions have embraced the concept that it is proper in such cases to visit punishment upon the erring spouse in the apportionment of community property. Nevertheless, divorce having been granted and the time having arrived for apportioning the community property, the amount thereof, the age of the parties, their physical and mental condition, their ability to support themselves, and the needs of minors, if such there be, are all matters ranking higher in

the scale of importance than the infliction of punishment for wrongdoing.

■ Alimony pendente lite was awarded to respondent, amounting to the sum of $3,750. The community owned a residence worth approximately $27,500; it was awarded to the wife. To her was also awarded a remainder interest in another home and an office building valued at about $20,000. She was given loans receivable in excess of $11,000, two automobiles, six insurance policies with the cash surrender value in excess of $12,000, stocks and bonds valued at $20,000 or more. Altogether there was given to the wife property well over $100,000 in value. Appellant was awarded something over $12,000 in accounts receivable, concerning which, however, it is probable, as remarked by the trial court, that only a small part would prove collectible. He was awarded one automobile with a blue book value of $1,550, office equipment worth $1,500, apartment furniture valued at $2,897. Upon motion for new trial, the trial court changed its award so as to give him the right of possession and use of the office building for so long as it was used by him in his profession as a doctor and surgeon, but in no event longer than January 1, 1965, conditioned, however, upon appellant's paying all taxes levied and assessed against the property, and keeping the building in good repair and properly insured. The order further provided, however, that two rooms then rented to a dentist continue to be rental units with the rent going to respondent. For almost the whole of the marriage respondent has pursued gainful employment and at the time of the entry of the interlocutory decree she was engaged as a government employee at $300 a month and in the possession of accrued and accruing retirement rights. She was in good health and expected to continue her employment. Both parties were 52 years of age. On the other hand, it appears to us to have been credibly shown, and there is no specific finding to the contrary, that appellant's health had materially deteriorated; that he had suffered a heart attack, with the result that, under physician's orders, he had been compelled to curtail his practice as a doctor and surgeon to not exceeding four afternoons a week. There was non-professional testimony that for a number of years his vigor had diminished until the strain of taking care of a full practice was proving a heavy burden. One further fact is to be noted. There was owed by the community to the federal and state governments for unpaid income taxes more than $10,000. The court made no

provision for discharge of these obligations from the community property, which in reality consists of the net after payment of community debts. (*McKannay* v. *McKannay*, 68 Cal. App. 701, 707 [230 P. 214].)

It is hereby ordered that the interlocutory decree be modified by awarding to appellant the real property on which is located the office building, with rentals accrued after the date of the decree appealed from, and by charging the tax debts above mentioned against the personal property awarded to the wife and making appropriate provisions for discharge of those debts from that source. Accomplishing this, unless the parties can agree upon a method, may require the court to take further evidence and make orders appropriate to that end. The cause is, therefore, remanded to the trial court with instructions to take necessary steps to secure the apportionment herein ordered. In all other respects the decree appealed from is affirmed.

Peek, J., and Schottky, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 4, 1957. Gibson, C. J., Carter, J., and Traynor, J., were of the opinion that the petition should be granted.