[Civ. No. 9528. Third Dist. Mar. 10, 1959.]

CARMELA VALENZUELA, Respondent, v. ALFRED
VALENZUELA, Appellant.

Leonard P. Burke for Appellant.

Richard A. Case for Respondent.

WARNE, J. pro tem.*—Defendant appeals from an order denying a motion to amend the interlocutory and the final decree of divorce by striking the following order therefrom:

"It Is Furthur Ordered, Adjudged and Decreed that the Defendant Alfred Valenzuela pay the community obligations of the parties hereto and he is Ordered to pay the same, namely the sum of $500.00 as and for payment to the Director of Internal Revenue for Income taxes due and payabel [sic] and he is further ordered to pay the sum of $2,400.00, a Community Obligation, to the Merchants Service Bureau of Sacramento or Enriquetta Valenzuela, its assignor."

The appeal comes before this court on the judgment roll only.

On November 14, 1956, plaintiff filed her complaint for divorce requesting support for her minor child. She made no request for alimony. The complaint alleged that the community property consisted of a 1955 Oldsmobile automobile, household furniture, furnishings and appliances, and a television set. She asked that she be awarded her share of the community property and that the defendant be ordered to pay the sum of $50 per month for the support of the minor child of the parties. There is also a prayer "For such other and further relief as . . . seems meet and proper in the premises." The complaint did not allege the existence of any community obligations nor ask that defendant be ordered to pay any community debts. The defendant was personally served with process but failed to appear and answer. His default was entered on December 13, 1956. The trial court by its interlocutory decree awarded all of the community property to the plaintiff and ordered the defendant to pay to the plaintiff the sum of $50 per month for the support of said minor child and further ordered defendant to pay the community obligations hereinabove mentioned. All of the terms of the interlocutory decree were incorporated by reference in the final decree of divorce, which was entered on January 29, 1958. No appeal was taken from either the interlocutory or the final decree, but on March 4, 1958, defendant made a motion to strike from the decree the provision which ordered him to pay the above-mentioned community obligations.

In support of his motion defendant relied on section 580 of the Code of Civil Procedure. It was error for the trial court to order the defendant to pay the community obligations since that relief was not demanded in the complaint for

---

*Assigned by Chairman of Judicial Council.

divorce and the case was heard as a default matter. (Code Civ. Proc., § 580; *Parker* v. *Parker*, 203 Cal. 787, 791-792 [266 P. 283] ; *Eddy* v. *Eddy*, 64 Cal.App.2d 672, 673-674 [149 P.2d 187] ; *Darsie* v. *Darsie*, 49 Cal.App.2d 491 [122 P.2d 64].)

As stated in *Burtnett* v. *King*, 33 Cal.2d 805, 806-807 [205 P. 657, 12 A.L.R.2d 333] : "The statutes are very specific in their requirements for a judgment following a default. 'The relief granted to the plaintiff, if there be no answer, *cannot exceed*, that which he shall have *demanded* in his complaint; but *in any other case*, the court may grant him any relief consistent with the case made by the complaint and embraced within the issue.' [Emphasis added.] (Code Civ. Proc., § 580.) In cases where no answer has been filed and a default has been entered, but the clerk may not enter a default judgment, the plaintiff may apply to the court 'for the relief *demanded* in the complaint' and after evidence is heard, the court may render a default judgment 'for such sum (*not exceeding the amount stated in the complaint*), as appears by such evidence to be just.' [Emphasis added.] (Code Civ. Proc., § 585, subd. 2.) Manifestly 'demanded' means claimed, asserted a right to or prayed for. . . ." There was no demand in the instant case that defendant pay the community obligations; hence the relief accorded not only exceeded the demand it adjudicated a matter not even asserted, claimed or prayed for. Under such circumstances the trial court wholly lacked jurisdiction to render a judgment affecting the community obligations. Having no jurisdiction, the judgment was void on that issue.

■ There is, however, an exception to the above rule. The exception being that if the relief in excess of prayer is alimony the judgment, although erroneous, is not void. (*Bowman* v. *Bowman*, 29 Cal.2d 808 [178 P.2d 751, 170 A.L.R. 246] ; *Miller* v. *Superior Court*, 9 Cal.2d 733 [72 P.2d 868] ; *Karlslyst* v. *Frazier*, 213 Cal. 377 [2 P.2d 362] ; *Parker* v. *Parker*, 203 Cal. 787 [266 P. 283] ; *Cohen* v. *Cohen*, 150 Cal. 99 [88 P. 267, 11 Ann.Cas. 520].) As stated in *Craft* v. *Craft*, 49 Cal.2d 189 [316 P.2d 345] : ". . . These decisions were explained upon the theory that the question of support money, unlike that of the division of community property, is so germane to the issue of divorce that a defendant must anticipate an award of alimony regardless of whether there is a prayer for such relief." ■ It is obvious that a different situation is presented where, as here, there is not only a failure to pray for alimony, but the order has nothing to do with support money. The

trial court awarded the support she asked for the minor child. It is our opinion that the order to pay community debts was not so germane to the issue of divorce that it should have been anticipated by the defendant.

 Respondent contends that since there was no allegation in the affidavit filed in support of defendant's motion to amend that the judgment was taken by mistake, inadvertence, surprise or excusable neglect it is not a proper matter under section 473 of the Code of Civil Procedure. She also argues that the appeal is "void" as not being taken within 60 days after the entry of the interlocutory decree. Further, that the motion was not made within the statutory period advised by section 473 of the Code of Civil Procedure. There is no merit in either contention. The motion was not made on the ground of mistake, inadvertence, surprise or excusable neglect, but was made pursuant to that portion of the last paragraph of 473, which provides: "The court may, . . . *on motion of either party after notice to the other party, set aside any void judgment or order.*" (Emphasis added.) Although, as said in *Craft* v. *Craft, supra,* "The error was not urged by a timely appeal or motion for relief under section 473 of the Code of Civil Procedure, but defendant may nevertheless attack the provisions of the interlocutory decree at any time if they are void on the face of the record."

The order denying defendant's motion to amend the judgment by striking therefrom the portion hereinabove mentioned is reversed, and the trial court is ordered to grant said motion.

Schottky, J., concurred.

PEEK, Acting P. J.—I dissent. The apparent premise of the majority opinion is that since "there was no demand in the instant case that defendant pay the community obligations; hence the relief accorded not only exceeded the demand it adjudicated a matter not even asserted, claimed or prayed for," and that the trial court "wholly lacked jurisdiction to render a judgment affecting the community obligations."

This is not a case where a defaulting defendant who, without notice that the community property of the parties will be adjudicated, is therefore taken by surprise by the order of the court as was the situation presented in the Burtnett case, the one primarily relied upon in the majority opinion.

Here the plaintiff itemized with particularity the nature and extent of the community property and prayed that she be

awarded her share. Factually the present case appears to me to be much more similar to that of *Bowman* v. *Bowman*, 29 Cal.2d 808 [178 P.2d 751]. Since the appeal is on the judgment roll alone and all intendments are in favor of the verity of the judgment, it may well have been that here, as in the Bowman case, there was testimony by plaintiff that if the husband were ordered to pay the debts she would waive alimony since such an award would give her the unobstructed use of the property and thus enable her to maintain a home for herself and the minor child of the parties. The award would thereby take on the nature of alimony and would be within the jurisdiction of the court to make under the decision in the Burtnett case. It also must be noted that the order adds nothing to what the defendant was already obligated to pay and hence he can show no damage resulting therefrom.

In the early case of *Frankel* v. *Boyd*, 106 Cal. 608, 614 [39 P. 939], it was held that the statutory authority given a court to award community property must be construed as meaning the residue of such property after the payment of the existing debts of the husband contracted upon the faith of such property. If, as the court therein concluded, the community property to be distributed must be considered as the residue which remains after the discharge of the community debts, how then can it be said that the disposition of the community debts as ordered by the trial court in this case was something wholly outside of the issues and without the jurisdiction of the court? (See also *Hill* v. *Hill*, 150 Cal.App.2d 34 [309 P.2d 44]; *McKannay* v. *McKannay*, 68 Cal.App. 701 [230 P. 214]; *Farmers Exch. Nat. Bank* v. *Drew*, 48 Cal.App. 442 [192 P. 105].)

I would affirm the judgment.