[Civ. No. 13419.   Second Dist., Div. One.   June 23, 1942.]

EDWARD BISHOP PECK, Appellant, v. ERNA RUBIN-
STEIN PECK, Respondent.

Shattuck & MacCarthy for Appellant.

Elliot F. Wolf for Respondent.

DRAPEAU, J. pro tem.—In a complaint for annulment of marriage it was alleged that the plaintiff and defendant were married in Yuma, Arizona, and that the defendant refused at all times thereafter to live with or cohabit with the plaintiff as his wife.   Answer was filed denying the allegations of refusal to cohabit.   The defendant also filed a cross-complaint for divorce alleging cruelty and failure to provide.   In the prayer of the cross-complaint was a clause praying for support and maintenance of defendant during the pendency of the action and thereafter.   Answer to the cross-complaint was duly filed.

Thereupon defendant filed an amended cross-complaint alleging in addition to the matters above set forth that she and the plaintiff had entered into a property settlement agreement.   The property settlement agreement was made a part of the cross-complaint.   It provided that the plaintiff pay defendant's counsel fees and costs in the sum of $115, which

was agreed to be a full and complete settlement of all claims of defendant upon the plaintiff. Also the amended cross-complaint dropped that clause of the prayer, above referred to, asking for support money.

The cause was called for trial as a default on the amended cross-complaint. Counsel for both plaintiff and defendant appeared and participated therein. There was testimony to support a finding of cruelty, although at best the parties lived together a few days less than five months and one was about as able to support himself as the other. The trial judge refused to be bound by the terms of the property agreement in respect of support money for the defendant, and made a minute order directing the preparation of an interlocutory decree of divorce for the defendant and the payment by plaintiff to her of $50 a month until the further order of the court.

Then the trial court of its own motion and without prior notice to counsel vacated the above-mentioned minute order, and set the case down for trial "on its merits." Counsel for plaintiff noticed a motion to be heard at the same time, requesting the court to vacate its order awarding alimony. Upon the hearing thus set by the court, both plaintiff and defendant and their counsel appeared, testimony was taken and argument was had. The motion to enter different decree was denied, and the decree awarding defendant $50 per month was ordered to stand. Upon the same date the trial court signed the interlocutory divorce, and award of alimony, from which this appeal is taken.

While there is some dissimilarity in the facts involved, the situation so far as the law is concerned is the same as in the recent case of *Darsie* v. *Darsie*, 49 Cal. App. (2d) 491 [122 P. (2d) 64]. In the present case, regardless of the statement in the minute order setting a date for trial on the merits, both hearings on the cross-complaint were in the nature of a default. There being no prayer for it in the cross-complaint, the trial court was without authority to grant any support money to the defendant and cross-complainant. (*Darsie* v. *Darsie*, *supra*, and cases therein cited.)

The gravamen of the rule to be here applied is that in any action which is heard as a default matter, the defendant may rely upon the fact that no judgment can be had against him in excess of or beyond the prayer of the complaint. Without such a rule, no defendant would be safe in permitting any case to go against him by default, because there could be no

assurance that the judgment would not go beyond the relief prayed for in the complaint. In the case now under consideration, the plaintiff and cross-defendant and his counsel had every right to rely upon the fact that no alimony was asked for in the cross-complaint. As pointed out in the Darsie case, this rule does not deprive the court of the power to grant alimony in a proper case. This could have been done by ordering that the default be set aside, the prayer of the cross-complaint amended to demand alimony, and served upon the plaintiff, or by appropriate proceedings upon an order to show cause.

The decree is modified by striking therefrom the following: "It is adjudged further that plaintiff and cross-defendant, Edward Bishop Peck, pay to defendant and cross-complainant, Erna Rubinstein Peck, the sum of Fifty Dollars ($50.00) per month as and for her support and maintenance, beginning on the 1st day of September, 1941, and payable in monthly installments thereafter until further Order of Court." As so modified the decree is affirmed.

Doran, Acting P. J., and White, J., concurred.