[Civ. No. 16134.   Second Dist., Div. Three.   June 30, 1948.]

THELMA ESTELLE BLACKWELL, Respondent, v. LOUIS MASON BLACKWELL, Appellant.

514

Thomas W. Hughes for Appellant.

Robert M. Bushnell for Respondent.

SHINN, Acting P. J.—Defendant appeals from an interlocutory judgment which awarded plaintiff a divorce, $50 a month for her support until the further order of the court, and $30 a month for support of the child of the parties. Although he seeks a reversal of the judgment on several grounds, we are convinced from a study of the entire record that he feels especially aggrieved by the provision of the judgment awarding plaintiff support until the further order of the court. In this particular the appeal has merit.

At the time of trial defendant was in the armed services, under an enlistment expiring January 5, 1949. He was receiving $195 per month, from which plaintiff was receiving an allotment of $80 per month for herself and the child. It was alleged in the complaint "that the defendant is an able bodied man, permanently employed and is well able to pay to plaintiff the sum of $50 per month for her support and maintenance until January 5, 1949 and is further able to pay to the plaintiff for the support and maintenance of the minor child of the parties the sum of $30 per month." The prayer of the complaint was for a divorce and "that defendant be ordered to pay to the plaintiff for the support and maintenance of herself the sum of $50 per month until January 5, 1949. . . . That defendant be ordered to pay to plaintiff for the support and maintenance of the minor child of the parties herein the sum of $30 per month." Defendant filed an answer and a cross-complaint, but later withdrew the cross-complaint. At the time of trial he was stationed in New York but soon thereafter was returned to March Field, California. His attorney

was present at the trial and participated therein, although no evidence was introduced on defendant's behalf. In the month following the granting of the decree defendant made application to have it vacated. He filed an affidavit setting up his status in the army; he stated that when his answer and cross-complaint were filed he fully intended to defend the action and to prosecute his cross-complaint and that "he was deprived of his rights herein by accident and surprise." He stated in the affidavit that he had stated the facts of the case to his attorney and had been advised that he had a good and sufficient defense to the action and a good and sufficient cause of action on his cross-complaint. In an answering affidavit plaintiff's attorney set forth copies of letters written by defendant to plaintiff, enclosing a copy of a letter which he had written to his attorney. In a letter to his attorney he requested that his cross-complaint be withdrawn and he stated in his letters to plaintiff that he did not intend to be present or to defend the action and urged her to proceed with the trial in his absence, stating, "you can proceed and get the divorce by default." The action was tried as a default action, although defendant's attorney appeared at the trial. The attorney took no part in the proceedings except to call the attention of the court to the fact that plaintiff was seeking support only until January 5, 1949, when defendant's term of enlistment would expire, and that she thereby placed a limitation upon the amount which could properly be awarded for her support by the judgment. The court evidently entertained the same view. It would appear that the provision that the allowance should continue until the further order of the court was intended to reserve jurisdiction to modify the allowance within the limitation of plaintiff's pleading and not to subject defendant to a greater liability for plaintiff's support than that which plaintiff sought to have imposed upon him. It clearly appears that defendant had no desire to contest the action for divorce. He understood that plaintiff was seeking support for herself only for a limited time and in a limited amount, and was willing that the trial proceed as a default action under these circumstances. His attorney conceded at the trial that plaintiff was entitled to support in the amount and for the time stated in the prayer of her complaint, and no contrary contention is made on the appeal.

The court denied defendant's application to vacate the judgment. The order did not constitute an abuse of discre-

tion. There was no showing whatever that defendant would have been unable to present a defense had he desired to contest the action. His attorney acting pursuant to his instructions, did not seek a continuance of the trial. If defendant had ever intended to appear or to defend the action he purposely waived his right to defend, and having taken that course advisedly, was bound to abide by it.

It is contended that the evidence was insufficient to establish the cause of action alleged, namely, extreme cruelty, and also that the judgment should be reversed because of the failure of the court to make findings. We think both of these contentions are without merit. At the conclusion of the trial plaintiff's attorney asked in open court if findings were waived. The court replied that findings were waived and defendant's attorney made no response. His silence must be deemed as consent to the waiver of findings.

However, since defendant questions the correctness of the provision for plaintiff's support, in that it purports to reserve jurisdiction in the court to increase the allowance in the matter of amount, or to extend it beyond January 5, 1949, we think the judgment should be modified so as to conform to the prayer of the complaint. It is well settled that where a divorce decree is entered in a default action, the relief granted may not exceed that demand by the complaint. (Code Civ. Proc., § 580; *Eddy* v. *Eddy*, 64 Cal.App.2d 672 [149 P.2d 187]; *Peck* v. *Peck*, 52 Cal.App.2d 792 [127 P.2d 94]; *Darsie* v. *Darsie*, 49 Cal.App.2d 491 [122 P.2d 64].) Although, technically speaking, the present action was not a default proceeding, because of the filing of the answer, it is clear from appellant's letters that he intended to let the action proceed without a contest and to abandon the defenses pleaded in his answer. The action was, in fact, tried as a default action, and under the circumstances, it would be unreasonable and unjust to fail to treat it as such.

We believe that a modification of the decree will provide a satisfactory conclusion to the late marital relationship of the parties.

The judgment is modified so as to provide that defendant shall pay to plaintiff the sum of $50 per month for her support to January 5, 1949, and no more, and, as modified, is affirmed.

Wood, J., and McComb, J. assigned, concurred.