[Civ. No. 24148. Second Dist., Div. One. Mar. 1, 1960.]

JULIA M. CUSHMAN, Respondent, v. W. MITCHELL CUSHMAN, Appellant.

Melvin B. Grover for Appellant.

William Pitt Hyde for Respondent.

LILLIE, J. — Defendant appeals from an interlocutory judgment awarding plaintiff a divorce, custody of and support for the minor child, and $1.00 per month alimony. He seeks modification of the judgment by striking therefrom that portion which orders him to pay alimony; and the sole issue before this court is whether it was error for the trial judge to make such an award. Citing, as controlling, a line of authority beginning with *Parker* v. *Parker*, 203 Cal. 787 [266 P. 283], appellant relies upon the long-established rule that where a divorce decree is entered upon a default the relief granted may not exceed that demanded in the complaint, the soundness of which is not here open to argument; but it is clear from the record before us that the rule has no application to the instant case which was not heard as a default, and appellant's position, predicated entirely upon the erroneous assumption that the within judgment was entered upon a default hearing, is without merit.

Whether a judgment is the result of a default is, of course, dependent upon the procedural steps followed by the parties, and their conduct and intention in connection with the hearing (*Blackwell* v. *Blackwell*, 86 Cal.App.2d 513 [194 P.2d 796]); and the record in the case at bar unquestionably demonstrates that the issues presented to the trial court by way of the pleadings, with the exception of that relating to the divorce itself, were not decided upon a default hearing—but on the contrary were contested issues tried by the parties in the lower court at the specific request of defendant's counsel, in a regular trial proceeding in which he and defendant actively participated and introduced evidence on the latter's behalf.

Plaintiff's complaint neither prayed for alimony nor mentioned the same in the body of the pleading. Defendant filed his answer denying the material allegations of the complaint, and the cause was regularly set for trial. On the day it was called, both parties and their counsel were present and answered "ready," after which Mr. Grover, defendant's attorney, volunteered to the court the following preliminary statement: "This matter will be heard as a default. The defendant will not contest the action for divorce. The only contest will be as to the amount of child support payment and

there is no community property to be disposed of. It has been disposed of by agreement between the parties satisfactorily and there is no question of alimony.'' Mr. Lemaster, plaintiff's counsel, then responded: ''It is agreed, your honor, that a dollar alimony will be allowed until further order of the court,'' whereupon, no objection thereto having been voiced by defendant, he proceeded with the trial offering testimony relative to the divorce. Plaintiff rested her case without offering any evidence on the issue of support. Defendant then offered proof relative to his earning capacity and testified concerning his financial status; and, at the conclusion of the trial, the judge made his oral order granting the divorce and custody and support of the child, and awarding ''one dollar a year (*sic*) alimony,'' to which defendant's counsel immediately responded: ''Thank you, your honor.''

The cases relied upon by appellant are not in point, for therein, either the matter was heard strictly as a default in which no appearance was made by the defaulting party (*Bennett* v. *Bennett,* 50 Cal.App. 48 [194 P. 503]; *Parker* v. *Parker,* 203 Cal. 787 [266 P. 283]; *Eddy* v. *Eddy,* 64 Cal. App.2d 672 [149 P.2d 187]; *Majors* v. *Majors,* 70 Cal.App.2d 619 [161 P.2d 494]; *Buchanan* v. *Buchanan,* 114 Cal.App.2d 120 [249 P.2d 577]), or while an appearance was made, the participation of counsel for the defaulting party was of such a minor degree that it was obvious a default was intended (*Peck* v. *Peck,* 52 Cal.App.2d 792 [127 P.2d 94]; *Darsie* v. *Darsie,* 49 Cal.App.2d 491 [122 P.2d 64]; *Blackwell* v. *Blackwell,* 86 Cal.App.2d 513 [194 P.2d 796]).

In *Peck* v. *Peck, supra,* 52 Cal.App.2d 792, which appellant cites as controlling, the court labeled the hearing a default; but the situation there can hardly be classed as analogous, for the parties clearly intended that the matter be heard as a default. Appellant's complaint for an annulment was answered by respondent, who filed a cross-complaint for divorce, which appellant answered. When a property settlement agreement was entered into, respondent filed her amended cross-complaint incorporating its terms, to which appellant filed no answer. The cause was actually called as a default on the amended cross-complaint. At the hearing appellant was not personally present; and, although ''counsel for both plaintiff and defendant appeared and participated therein'' (p. 793), the participation of his counsel was obviously of a limited nature, no proof having been offered on appellant's behalf. Nor is *Blackwell* v. *Blackwell,* 86 Cal.App.2d 513 [194 P.2d 796],

of aid to appellant, for therein an answer was filed to the complaint but the defaulting party was not present at the hearing; and although his counsel appeared, he took no part in the proceedings except to call the attention of the court to the fact that respondent was seeking support only to a certain date. He introduced no evidence on appellant's behalf. Furthermore, it was "clear from appellant's letters that he intended to let the action proceed without contest and to abandon the defenses pleaded in his answer." (P. 516.)

We find in the instant case none of the elements of a default hearing on the issue before us, no intention to let the action proceed without a contest, and no abandonment of the support issues raised by the pleadings—defendant filed his appearance by way of answer; plaintiff requested no default and none was entered; the cause was regularly set down for trial; when the case was called all parties and counsel were present and answered "ready"; and the trial proceeded in the regular manner, and when plaintiff rested her case, defendant introduced evidence on his own behalf on the contested issues, upon which the court later made its order. Although defendant plainly had no concern with the divorce, was willing to let it go by default and so notified the trial court, he specifically advised the court and opposing counsel he was contesting the issue of support—and actively did so. The mere fact he submitted the divorce issue without contest does not constitute the trial on the other issues involved in the cause, a default hearing; and to advance the position that it did is to completely ignore the record.

The obvious reasoning behind the rule that where a divorce decree is entered by default, alimony may not be granted if not prayed for in the complaint, is that a party has a right to assume that the judgment following his default will not go beyond the issues presented by the complaint and the relief asked therein, and if a judgment other than that demanded is taken against him, he is deprived of his day in court (*Peck* v. *Peck*, 52 Cal.App.2d 792 [127 P.2d 94]; *Parker* v. *Parker*, 203 Cal. 787 [266 P. 283]); and this rationale is manifest in the cases cited by appellant. But when, as here, an appearance has been made by defendant, he and his counsel are both present at the trial and actively participate therein, and evidence is introduced on his behalf in contest of the issues raised by the pleadings, there is no need for his protection against undue advantage and the reason therefor no longer exists. Defendant, present and properly represented, has

knowledge of what takes place at the hearing, is in a position to object to that which he deems improper, and can participate in the trial and defend himself if necessary. For instance, had Mr. Lemaster's statement to the court "It is agreed, your honor, that a dollar alimony will be allowed until further order of court" not been true, defendant could and should have voiced his objection thereto; but he did not, probably because such an agreement actually existed. In addition to his silence, his announcement to the court at the outset "there is no question of alimony," and his acknowledgment of, and acquiescence in, the court's order awarding $1.00 per year alimony directly after the order was made, seem to bear this out.

We can only conclude in the light of defendant's conduct that alimony was ordered by the trial court as the result of an oral agreement previously made between the parties and approved by counsel, which order the court without question had the power and authority to make. Even though the complaint did not pray for or mention alimony and the relief granted was in excess of that demanded by the pleading, the court's action in making the award was not beyond the jurisdiction of the court (*Parker* v. *Parker,* 203 Cal. 787 [266 P. 283]; *Darsie* v. *Darsie,* 49 Cal.App.2d 491 [122 P.2d 64]; *Peck* v. *Peck,* 52 Cal.App.2d 792 [127 P.2d 94]). Because the issue of support in a divorce action is so germane to the issue of divorce, the only question in a situation such as the one at bar, is whether the granting of excess relief is erroneous. Although where a default exists and the court considers alimony to be proper, it may order the default set aside, the prayer of the complaint amended to demand alimony, service thereof, and an appropriate hearing (*Peck* v. *Peck,* 52 Cal.App.2d 792 [127 P.2d 94]; *Darsie* v. *Darsie,* 49 Cal.App.2d 491 [122 P.2d 64]); in the present situation in which there was no default and the existence of an agreement was known to the court, inasmuch as it has jurisdiction to make the order even though a demand for alimony was not included in the prayer in the complaint, we find no error on the part of the trial court in relying upon what both counsel led it to believe was an oral agreement for alimony in the sum of $1.00, and in making an award based thereon.

Confronted, too, with the element of estoppel or waiver of right to allege error and the doctrine of invited error, appellant now is in no position to complain that the trial court erred in granting relief in excess of that demanded

in the prayer of the complaint. At the very outset of the trial, his counsel voluntarily brought up the subject of alimony; coming immediately after his reference to an agreement disposing of the community property, it was reasonable for the trial judge to infer from his statement, "there is no question of alimony," that any issue relative thereto had by agreement been removed from his consideration, particularly in view of the invited response of plaintiff's counsel: "(I)t is agreed . . . that $1.00 alimony will be allowed until further order of court." If this were not true, defendant made no effort to correct him. Had he felt it error for the court to rely upon the agreement in making its order in absence of the demand in the prayer of the complaint, defendant's counsel should then have objected and called the matter to the attention of the trial court. This he did not do and further compounded his failure in this regard by acknowledging the order for alimony immediately after it was made by saying "(t)hank you, your honor." Again he not only voiced no objection to give the lower court an opportunity to correct the order had it deemed the same improper, but through his silence actually acquiesced in the court's action. Presumably Mr. Grover was in court to represent defendant's interests and protect his rights.

Appellant is bound by the well-established principles on appeal that one will not be heard to urge error which he is estopped to raise, or which he has waived, by failure to make proper objection, by conduct, by stipulation, or otherwise, in the lower court (*Rosenthal* v. *Harris Motor Co.*, 118 Cal.App.2d 403 [257 P.2d 1034]; *Burger* v. *Burger*, 136 Cal. App.2d 360 [288 P.2d 926]; *Newton* v. *Thomas*, 137 Cal.App. 2d 748 [291 P.2d 503]; *Rollins* v. *Hedin*, 114 Cal.App.2d 488 [250 P.2d 728]; *Breakers Holding Co.* v. *Josebra Co.*, 122 Cal.App.2d 741 [265 P.2d 938]); that one must abide by the consequences of his own acts and cannot seek relief on appeal for errors he committed or invited or by his conduct induced, in the trial court (*Shumate* v. *Johnson Publishing Co.*, 139 Cal.App.2d 121 [293 P.2d 531]; *Smith* v. *City & County of San Francisco*, 117 Cal.App.2d 749 [256 P.2d 999]; *Freedman* v. *Willeford*, 121 Cal.App.2d 145 [262 P.2d 642]); and that one cannot on appeal complain of rulings assented to or acquiesced in by him in the court below (*Lindner* v. *Russian Health Baths*, 131 Cal.App.2d 621 [281 P.2d 314]; *Allin* v. *International Alliance of Theatrical Stage Emp. & Moving Picture Mach. Operators*, 113 Cal.App.2d 135 [247 P.2d 857]). The "unfair advantage" to the defaulting party (*Eddy* v.

*Eddy,* 64 Cal.App.2d 672 [149 P.2d 187]) the courts seek to avoid, appears to have reversed its operation to the prejudice of the plaintiff. Had defendant objected to the court's order at the time it was made, he would have given the trial judge the opportunity to change the same had he seen fit to do so, or require plaintiff to amend the prayer of her pleading (Code Civ. Proc., § 473; *Vick* v. *Grasser,* 169 Cal.App.2d 692 [338 P.2d 223]); but to now reverse the alimony portion of the judgment and allow plaintiff to amend in the lower court would require her to obtain a new interlocutory judgment and wait an additional year to obtain her final decree; and to modify the judgment by striking the provision for alimony, without allowing her to amend, would destroy her right to plead and litigate the issue of support. It would be contrary to fairness and justice to permit this appellant, in view of his conduct in the court below, to now urge its error in making the award.

For the foregoing reasons the judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.