Filed 8/24/15  Viramontes v. Desert Auto Plaza CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| OSCAR VIRAMONTES, | D067237 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. ECU08061) |
| DESERT AUTO PLAZA, et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Imperial County, Juan Ulloa, Judge.  Affirmed.

Gonzalez & Garcia and Jorge C. Gonzalez for Plaintiff and Respondent.

Thomas W. Storey and Severson & Werson and John B. Sullivan, Adam H. Hutchinson, and Mary Kate Kamka for Defendants and Appellants.

Desert Auto Plaza appeals a judgment entered in favor of Oscar Viramontes because the Retail Installment Sale Contract for the sale of a vehicle did not disclose that the downpayment was deferred to a later date in violation of Civil Code section 2982, subdivision (a)(6).  We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

The record of evidence presented to this court is by way of a settled statement pursuant to California Rules of Court, rule 8.137. According to the settled statement, Viramontes entered into a Retail Installment Sale Contract (the Contract) with Desert Auto Plaza for the sale of a vehicle on April 4, 2013. The Contract indicated that Viramontes made a cash downpayment of $2,000 on the date of signing. Although Viramontes took possession of the vehicle on April 4, 2013, he made the $2,000 downpayment on April 5, 2013.

The record contains a Promissory Note, dated April 4, 2013, in which Viramontes agreed to pay Desert Auto Plaza $2,000 on April 5, 2013.

The court entered judgment for Viramontes against Desert Auto Plaza due to the inaccurate disclosure of the downpayment in the Contract in violation of Civil Code section 2982, subdivision (a)(6). Pursuant to Civil Code section 2983, the court rescinded the contract, cancelled any amounts due thereunder, and ordered Viramontes to surrender the vehicle to Desert Auto Plaza and Desert Auto Plaza to return any money paid pursuant to the Contract to Viramontes. Desert Auto Plaza appeals.

On appeal, Desert Auto Plaza contends that the judgment must be set aside and the matter should be reset for trial, because there is no evidence of the Contract since the Contract itself was never admitted into evidence. Desert Auto Plaza also maintains there is no evidence that Desert Auto Plaza was a party to the Contract, had capacity to enter into the Contract, consented to the Contract, or that there was sufficient consideration.

2

DISCUSSION

The Automobile Sales Financing Act (ASFA) "contains detailed disclosure requirements intended to protect the consuming public and includes provisions that render a conditional sale contract unenforceable if any of those disclosure requirements are violated, regardless of the nature of the disclosure violation *or any consumer harm.*" (*Rojas v. Platinum Auto Grp., Inc.* (2013) 212 Cal.App.4th 997, 1005; Civ. Code, § 2981 et seq.)  Civil Code section 2982, subdivision (a)(6)(D), requires a conditional sale contract to itemize a buyer's downpayment and specify if all or a portion of the downpayment is "to be deferred until not later than the due date of the second regularly scheduled installment under the contract . . . ."  (*Rojas v. Platinum Auto Grp., Inc., supra,* at p. 1002.)  Civil Code section 2981.9 also requires "all of the agreements of the buyer and seller with respect to the total cost and the terms of payment for the motor vehicle, including any promissory notes or any other evidences of indebtedness" to be contained in "a single document."  (*Ibid.*)

The trial court properly entered judgment for Viramontes because 1) the Contract did not state that the $2,000 cash downpayment had been deferred until April 5 and 2) the Promissory Note, deferring the $2,000 cash downpayment to April 5, was not part of the Contract but a separate document.

On appeal, Desert Auto Plaza does not assert that the court erred in finding that the Contract inaccurately disclosed the terms of the downpayment, but instead appears to be claiming that there is no contract that is subject to the ASFA.  Desert Auto Plaza's argument on appeal is two-fold:  1) there is no evidence of the Contract between the

3

parties and 2) there is no evidence that an enforceable contract was formed between the parties.

The issue of whether there is evidence of the existence of the Contract is reviewed for substantial evidence, and the issue of whether an enforceable contract was formed is reviewed de novo. (*Apex LLC v. Sharing World, Inc.* (2012) 206 Cal.App.4th 999, 1009; *Robinson & Wilson, Inc. v. Stone* (1973) 35 Cal.App.3d 396, 407 ["whether the contract . . . is sufficiently definite and certain in its essential terms to give rise to a legal obligation is a question of law"].)

1.      *Is There Evidence of the Contract?*

Based on our review of the record, we conclude there is substantial evidence of the Contract and the Promissory Note. "In evaluating the legal sufficiency of the evidence, the following basic approach is required: 'First, one must resolve all explicit conflicts in the evidence in favor of the respondent and presume in favor of the judgment all *reasonable* inferences. [Citation.] Second, one must determine whether the evidence thus marshaled is substantial. . . . "A decision supported by a mere scintilla of evidence need not be affirmed on review. [Citation.] [I]f the word 'substantial' [is to mean] anything at all, it clearly implies that such evidence must be of ponderable legal significance. Obviously the word cannot be deemed synonymous with 'any' evidence. It must be reasonable . . . , credible, and of solid value . . . ." ' " (*Valenzuela v. California State Personnel Board* (2007) 153 Cal.App.4th 1179, 1184-1185.)

At the beginning of the bench trial in this case, Viramontes requested that his trial brief with the attached exhibits be submitted into evidence. Attached to the trial brief

4

were Exhibit A (Plaintiff's Requests for Admission) and Exhibit B (Defendants' Response to Requests for Admission). Attached to Exhibit A were Exhibit 1, the Contract, and Exhibit 2, the Promissory Note. The court asked defense counsel if he had any objection to the format of the submission, and defense counsel made no objection.

Viramontes's requests for admission asked Desert Auto Plaza, among other things, to admit that Exhibit 1 was a true and correct copy of the Contract and that Exhibit 2 was a true and correct copy of the Promissory Note. In its response, Desert Auto Plaza admitted that these were true and correct copies of the Contract and the Promissory Note.

We therefore conclude that there is substantial evidence of the Contract between the parties and the Promissory Note executed as part of the sales transaction, and that both were in fact entered into evidence at trial. Desert Auto Plaza's contentions to the contrary are meritless.

In any event, we further conclude that Desert Auto Plaza waived its right to challenge evidence of the Contract or Promissory Note on appeal by failing to object in the trial court (*Martinez v. Scott Specialty Gases, Inc.* (2000) 83 Cal.App.4th 1236, 1249) and admitting that the Contract and Promissory Note entered into evidence were true and correct copies of the Contract and Promissory Note between the parties. (*Cushman v. Cushman* (1960) 178 Cal.App.2d 492, 498 [explaining that "one must abide by the consequences of his own acts and cannot seek relief on appeal for errors he committed or invited or by his conduct induced, in the trial court"].)

5

2.      *Was An Enforceable Contract Formed?*

Desert Auto Plaza contends that there is no evidence that Desert Auto Plaza was a party to the Contract, had capacity to enter into the Contract, consented to the Contract, or that there was sufficient consideration as required by Civil Code section 1550. Civil Code section 1550 states that the essential elements of a contract are parties capable of contracting, their consent, a lawful object, and sufficient consideration. Because the question of whether an enforceable contract was formed between the parties is a question of law and here, based on undisputed facts, it may be asserted for the first time on appeal. (*Cedars-Sinai Med. Ctr. v. Superior Court* (1998) 18 Cal.4th 1, 6.)

As a preliminary matter, we note that there is no question that Desert Auto Plaza was a party to the Contract or the Promissory Note. The Contract names Desert Auto Plaza as the creditor. The Promissory Note sets forth Viramontes' promise to pay Desert Auto Plaza $2,000 on April 5, 2013. Desert Auto Plaza admitted in its response to requests for admission that it prepared and signed the Contract and that it required Viramontes to sign the Promissory Note as a condition of sale of the vehicle.

It is also undisputed that the Contract concerned a lawful object, a vehicle, and no argument has been made nor evidence introduced that would indicate Desert Auto Plaza was incapable of entering into the Contract. (*Huntington Landmark Adult Community Ass'n. v. Ross* (1989) 213 Cal.App.3d 1012, 1021 [explaining that contentions on appeal that are not supported by argument or citation of authority are "deemed to be without foundation and to have been abandoned"].) Thus, we focus on whether there was consent and consideration.

6

"Contract formation requires mutual consent, which cannot exist unless the parties 'agree upon the same thing in the same sense.' [Citation.] 'If there is no evidence establishing a manifestation of assent to the 'same thing' by both parties, then there is no mutual consent to contract and no contract formation.' [Citation.] 'Mutual assent is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings.' " (*Bustamante v. Intuit, Inc.* (2006) 141 Cal.App.4th 199, 208.) "Consideration is simply the conferring of a benefit upon the promisor or some other person or the suffering of a detriment by the promisee or some other person." (*California Sch. Employees Ass'n. v. Sunnyvale Elementary Sch. Dist.* (1973) 36 Cal.App.3d 46, 59.)

The parties entered into a simple agreement for the sale of a vehicle, the terms of which were memorialized in the Contract and the Promissory Note. The terms of the agreement were specific and definite and required Viramontes to agree to the terms of financing and pay a downpayment in exchange for possession and use of the vehicle.

The evidence reveals mutual consent to the terms of the Contract and the Promissory Note because the parties complied with the terms of these documents. Desert Auto Plaza gave Viramontes possession of the vehicle on April 4 and in exchange Viramontes agreed to the terms of financing and to make a downpayment on April 5. In accord with the Promissory Note, Viramontes made a $2,000 cash downpayment on April 5. Pursuant to the Contract, Viramontes then made monthly payments, which totaled $10,403.38 as of November 12, 2014. The parties thus abided by the terms of their

7

agreement and satisfied their promises to each other, evidencing mutual consent. Since each party conferred a benefit on the other and suffered a detriment, there was also consideration. We therefore conclude that an enforceable contract for the sale of a vehicle was formed between Viramontes and Desert Auto Plaza. As such, it was subject to the ASFA and its disclosure requirements.

## DISPOSITION

Judgment affirmed. Respondent is entitled to costs on appeal.

McINTYRE, J.

WE CONCUR:

McDONALD, Acting P. J.

AARON, J.

8