Filed 10/14/15  Meyer v. Brown CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| RENEE L. MEYER, | D066226 |
| Appellant, | |
| v. | (Super. Ct. No. DVN22283) |
| ROBERT MACKENZIE BROWN JR., | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Michael D. Washington, Judge.  Affirmed.

Melinda S. Shapiro for Appellant.

Michaela C. Curran for Respondent.

Renee Meyer appeals an order issued pursuant to Family Code section 6344, subdivision (a),[1] requiring her to pay attorney fees incurred by Robert Brown in contesting a domestic violence restraining order that Meyer sought against him.  On appeal, Meyer contends that the trial court had no jurisdiction to award Brown attorney

---

1        All references are to the Family Code unless otherwise indicated.

1

fees after the evidentiary hearing on the restraining order. Meyer further maintains that the fee award is excessive, that it is not supported by substantial evidence and that it constitutes a sanction. We reject these contentions and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Meyer filed an application for a domestic violence temporary restraining order against Brown in November 2013. The temporary restraining order was granted pending an evidentiary hearing. Brown filed a response with Judicial Council Form DV-120, on which he indicated his intent to request that the court order Meyer to pay his attorney fees. The court held an evidentiary hearing on March 18, 2014 and denied Meyer's request for a restraining order. At the conclusion of the proceedings, the court stated, "The entire request is dismissed."

Brown filed a motion for attorney fees on May 1, 2014, and Meyer filed an opposition. The court held a hearing on the motion on June 2. At the hearing, Meyer's counsel argued, among other things, that Brown's request for an award of attorney fees was barred by the doctrines of res judicata and collateral estoppel. Meyer's counsel also argued that when the court stated, "The entire request is dismissed," at the conclusion of the March 18 evidentiary hearing, the court terminated its jurisdiction in the matter, including its jurisdiction over the fee issue. Meyer maintained that because Brown's counsel had not requested that the court reserve jurisdiction to award attorney fees at the time it issued its ruling on the request for a restraining order, the court had no jurisdiction to award attorney fees after the Domestic Violence Restraining Order (DVRO) hearing.

2

The trial court found that the doctrines of collateral estoppel and res judicata were inapplicable because the court had neither addressed nor decided the attorney fee issue at the evidentiary hearing on the restraining order. The court further concluded that Brown had "properly preserved the fee and cost issue in his responsive documents." The court explained that "at the time the Court dismissed the restraining order-- or denied the request for a permanent restraining order-- it wasn't the intention of the Court to foreclose the respondent's opportunity to renew the issue of attorney fees."

As to the issue of notice and the timing of the fee request, the court found that Brown had met the statutory notice requirement by filing the motion for attorney fees,[2] and that the motion had been properly brought after the conclusion of the evidentiary hearing. The court thus concluded that it had jurisdiction to award attorney fees to Brown.

With respect to the amount of the attorney fee award, the court awarded Brown $7,500, not the $15,800 that he requested. The court found that the amount requested was disproportionate to the amount spent in a typical DVRO case and that it was unreasonable for a party defending against a request for a restraining order to incur attorney fees of $15,000. The court calculated the amount of the award based on representations from both counsel regarding the costs typically incurred in this type of case.

---

[2]    Section 6344, subdivision (a), states:  "After notice and a hearing, the court may issue an order for the payment of attorney's fees and costs of the prevailing party."

3

DISCUSSION

1.      *Court Authority*

On appeal, Meyer challenges the trial court's authority to award attorney fees to Brown. As noted, section 6344, subdivision (a), states: "After notice and a hearing, the court may issue an order for the payment of attorney's fees and costs of the prevailing party." Meyer argues that the hearing referenced in section 6344, subdivision (a), is the evidentiary hearing on the DVRO, and that section 6344 does not permit an attorney fee request to be made after the conclusion of a DVRO evidentiary hearing, pursuant to a motion filed after that hearing.[3] Meyer maintains that the trial court therefore did not have jurisdiction to award Brown attorney fees pursuant to a motion brought nearly two months after denial of the DVRO. Meyer also contends that even if a hearing on attorney fees may be held after the conclusion of the hearing on the request for a restraining order, the court's dismissal of the matter at the conclusion of that hearing divested the court of jurisdiction to consider a subsequent request for attorney fees.

A.      Jurisdiction Challenge

On appeal, "[a]n appellate court reviews a determination of the legal basis for an award of attorney fees independently as a question of law." (*Leamon v. Krajkiewcz* (2003) 107 Cal.App.4th 424, 431.) We conclude that the trial court had the authority to award attorney fees to Brown.

---

[3]     Meyer further maintains, "[W]hen the evidentiary hearing is tried in the trial court, all issues check-marked on the forms are heard and decided upon, including the attorney fees."

4

Contrary to Meyer's contention, "the DVRO statutory scheme do[es] not require that an attorney fee[] request be raised and adjudicated at the same time as the merits of the DVRO request." (*Faton v. Ahmedo* (2015) 236 Cal.App.4th 1160, 1170 (*Faton*) [concluding that "section 6344 requires only notice and a hearing," and noting that the statute "contains no language suggesting that fees must be denied simply because the notice and hearing were provided after, rather than before, the evidentiary hearing on the DVRO request"].) *Faton* thus makes it clear that the notice and hearing requirements in section 6344, subdivision (a), may be satisfied *after* the evidentiary hearing on a DVRO.[4]

In the instant case, the statutory predicates for an award of attorney fees were fulfilled. Prior to the evidentiary hearing, Brown filed Judicial Council Form DV-120 in response to Meyer's DVRO application. On the form, Brown indicated his intent to request that the court order that Meyer pay his attorney fees. We agree with the trial court that Brown thus preserved his right to request attorney fees after the conclusion of the evidentiary hearing. (Cf. *Faton*, *supra*, 236 Cal.App.4th at pp. 1169, 1170-1171 [rejecting appellant's "assertion that the court had no authority to award attorney fees because [respondent] did not follow the procedure for fee requests provided in the

---

4 Meyer further contends that the doctrines of res judicata and collateral estoppel bar the litigation of the attorney fee issue after the conclusion of a DVRO hearing. Attorney fees need not be pleaded and proven at the DVRO evidentiary hearing. (*Faton*, *supra*, 236 Cal.App.4th at p. 1169, citing *Mabee v. Nurseryland Garden Centers, Inc.* (1979) 88 Cal.App.3d 420, 425 [explaining that " '[When] the claim for attorney fees is part of the damage sought in the principal action . . . the attorney fee [is] required to be pleaded and proven—as any other item of damages—at trial. No similar procedural and evidentiary base is required where "the attorney fee was not the cause of action but an incident to it" ' "].) The doctrines of collateral estoppel and res judicata thus do not bar the pursuit of attorney fees after the conclusion of the DVRO evidentiary hearing.

5

Judicial Council DVRO petition form" and finding that the failure to request attorney fees in the standard form prior to the evidentiary hearing was not a bar to seeking attorney fees after the DVRO hearing].) Brown filed a motion for attorney fees on May 1, 2014, and served it on Meyer on May 23 via e-mail, thereby providing notice of his request. The trial court held a hearing on the motion on June 2, 2014. Thus, the attorney fee award was made after both notice and hearing, in accordance with subdivision (a) of section 6344.[5]

We reject Meyer's contention that the court terminated its jurisdiction in the matter, including the attorney fee issue, when it stated, "The entire request is dismissed," at the conclusion of the evidentiary hearing. The minute order issued after the evidentiary hearing states that the request for a restraining order was "denied without prejudice."[6] A denial without prejudice does not terminate a court's jurisdiction over a

_____

[5] Although Meyer's counsel initially argued at the hearing that Judicial Council Form DV-120 and the motion for attorney fees were defective because no income and expense declaration had been attached and the motion had been improperly served, she filed a response on the merits and agreed to have the court rule on the merits of the motion. She therefore forfeited this challenge on appeal. (*Desmond v. Superior Court of City & Cnty. of San Francisco* (1881) 59 Cal. 274, 275 [finding that "by pleading to the merits of the case, [defendants] waived any objection they might have had to the alleged defect in the process and its service"].) As discussed below in Section 1.C., we conclude that Meyer also forfeited her challenge to the court's jurisdiction to award attorney fees after the evidentiary hearing.

[6] We requested the superior court file and, on our own motion, hereby augment the record to include the minute order issued after the evidentiary hearing, dated March 18, 2014. (Cal. Rules of Court, rule 8.155(a)(1)(A); see, e.g., *McCarthy v. Mobile Cranes, Inc.* (1962) 199 Cal.App.2d 500, 501–503 [ordering clerk's file sent up when appellant provided inadequate record].) We note that although appellant repeatedly makes reference to a "final judgment" entered in this action in her briefing in this court, the file contains no judgment.

matter.  (See, e.g., *Eaton Hydraulics Inc. v. Cont'l Casualty Co.* (2005) 132 Cal.App.4th 966, 975 ["dismissal 'without prejudice' necessarily means without prejudice to the filing of a new action on the same allegations, so long as it is done within the period of the appropriate statute of limitations"].)  Moreover, the written minute order preserving jurisdiction takes precedence over the court's statement dismissing the entire request and thus controls in this challenge to the trial court's jurisdiction.  (*In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1170 ["trial court's oral ruling on a motion does not become effective until it is filed in writing with the clerk or entered in the minutes.  [Citation.] Accordingly, the trial court may properly file a written order differing from its oral rulings when the rulings have not been entered in the minutes of the court"].)  We conclude that neither the court's statement at the evidentiary hearing nor the minute order issued thereafter terminated the court's jurisdiction in this matter.[7]

B.      Timing Challenge

Meyer disputes that a motion for attorney fees may be brought almost two months after the evidentiary hearing.  In response, Brown contends that the Family Code "grants the trial court extremely broad jurisdiction to award attorney fees and costs *at any time*."

---

[7]      Meyer maintains that because section 6344 does not permit an attorney fee request to be made in a motion after the conclusion of the evidentiary hearing, Brown's only recourse was to file a motion to modify or a motion to set aside the judgment.  However, this argument is without merit, since no judgment was issued in this case, the minute order denied the DVRO request without prejudice, and we have concluded that the trial court did not terminate its jurisdiction in this matter.

7

The timeliness of a motion for attorney fees after the conclusion of a DVRO hearing is subject to our independent review. (*Robert J. v. Catherine D.* (2009) 171 Cal.App.4th 1500, 1514.) Meyer points to no statutory or other deadline by which a party must file a motion for attorney fees in this type of proceeding.[8] We therefore rely on the equitable principle of laches to determine the reasonableness of the timing of Brown's motion. (*Id*. at p. 1505 ["There being no statute and no rule setting a deadline to move for section 3027.1 sanctions, absent further direction from the Legislature . . . equitable principles apply to determine the timing of a section 3027.1 sanctions motion"].)

"Laches is an equitable time limitation on a party's right to bring suit, resting on the maxim that 'equity aids the vigilant, not those who sleep on their rights.' " (*Magic Kitchen LLC v. Good Things Int'l Ltd.* (2007) 153 Cal.App.4th 1144, 1156.) " ' "The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." ' " (*Robert J. v. Catherine D.*, *supra*, 171 Cal.App.4th at p. 1521.) However, " '[d]elay alone ordinarily does not constitute laches . . . "What makes the delay unreasonable in the case of laches is that it results in prejudice." ' " (*Id.* at pp. 1521-1522.) The burden is on the party asserting laches to demonstrate the delay was prejudicial and thus unreasonable. (*Id.* at p. 1522.)

---

8    "The burden of affirmatively demonstrating error is on the appellant. This is a general principle of appellate practice as well as an ingredient of the constitutional doctrine of reversible error." (*State Farm Fire & Cas. Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610.)

8

Although the doctrine of laches dispenses with Brown's contention that a motion for attorney fees may be brought "at any time" after the evidentiary hearing, we need not decide what the outer time limit is for a motion for attorney fees after the denial of a DVRO. Instead, we focus on whether Meyer was prejudiced by Brown's two-month delay in moving to recover his attorney fees.

Meyer does not allege that she was prejudiced by the delay. Instead, Meyer argues that allowing motions for attorney fees after DVRO evidentiary hearings will frustrate the legislature's intent to dispose of DVRO applications quickly and efficiently for the sake of the victim and will allow the prevailing party's counsel more time to increase their fees.

These arguments are unavailing. "The Legislature's stated intent is to prevent domestic violence and to separate persons involved in this violence pending resolution of the causes of the violence (§ 6220), and this intent is advanced through expeditious issuance of *restraining orders*." (*Faton*, *supra*, 236 Cal.App.4th at p. 1170.) An award of attorney fees under section 6344 does not "require expedient resolution because it is the issuance of the DVRO (not the grant of attorney fees) that ameliorates the threat of violence." (*Ibid*.) Moreover, any concern over excessive fees sought by the prevailing party is a matter to be discerned and resolved by the judge hearing the request. (*Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1509.) We conclude that Meyer has not met her burden of demonstrating that she was prejudiced by the two-month delay. The delay was therefore not unreasonable as a matter of law.

9

C.      Forfeiture and Invited Error

In any event, we conclude that Meyer's has forfeited her argument that the trial court did not have jurisdiction to award attorney fees after the conclusion of the evidentiary hearing.  "In its fundamental sense, 'jurisdiction' refers to a court's power over persons and subject matter."  (*People v. Mower* (2002) 28 Cal.4th 457, 474, fn.6.) Jurisdiction in its less fundamental sense is used to refer to cases "where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no 'jurisdiction' (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites." (*Abelleira v. Dist. Court of Appeal*, *Third Dist.* (1941) 17 Cal. 2d 280, 288.)  When a court does not comply with procedures prescribed by statute, the court is said to have exceeded its jurisdiction.  (*Id.* at p. 290.)

"Issues relating to jurisdiction in its fundamental sense . . . may be raised at any time.  [Citations.]  By contrast, issues relating to jurisdiction in its less fundamental sense may be subject to bars including waiver (i.e., the intentional relinquishment of a known right) [citation] and forfeiture (i.e., the loss of a right through failure of timely assertion)."  (*People* v. *Mower*, *supra*, 28 Cal.4th at p. 474, fn.6.)  "[T]he doctrine of 'invited error' is a branch of the doctrine of waiver" and may also bar an argument on appeal.  (*Fryman v. Federal Crop Ins. Corp*. (6th Cir. 1991) 936 F.2d 244, 251; *Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 403 ["The 'doctrine of invited error' is an 'application of the estoppel principle':  'Where a party by his conduct induces the

10

commission of error, he is estopped from asserting it as a ground for reversal' on appeal"].)

Meyer's argument that the court did not follow the procedure prescribed in section 6344 and exceeded its jurisdiction when it awarded attorney fees after the conclusion of the evidentiary hearing implicates jurisdiction in its less fundamental sense, and may be waived or forfeited on appeal. Meyer forfeited her jurisdiction argument on appeal by filing a response addressing the merits of the motion for attorney fees and participating in the hearing.[9] Meyer cannot now claim that the court lacked jurisdiction to act, after having submitted to and complied with the very procedure she contends was erroneous.

Meyer also forfeited her argument on appeal pursuant to the doctrine of invited error. (*Cushman v. Cushman* (1960) 178 Cal.App.2d 492, 498 ["one cannot on appeal complain of rulings assented to or acquiesced in by him in the court below"].) Although in her written response Meyer contended that the trial court lacked authority to award attorney fees after the DVRO hearing, at the subsequent hearing on attorney fees, Meyer's counsel agreed to proceed on the merits.[10] By agreeing to have the court rule on the

[9]     See, e.g., *Estate of Lacy* (1975) 54 Cal.App.3d 172, 182 appellants complained "that the matter was heard before a superior court commissioner and that no stipulation was entered into authorizing him to sit as a temporary judge." Although the attorney voiced no objection, he was "aware of the constitutional requirement that there be a stipulation in order that a case may be tried by a temporary judge." The court found no reversible error, reasoning that "[a]n attorney may not sit back, fully participate in a trial and then claim that the court was without jurisdiction on receiving a result unfavorable to him."

[10]     At the hearing, the court stated, "it's my understanding, after inquiry, that Ms. Shapiro was prepared to go forward on the merits of it today rather than have this matter put over; is that correct?" Meyer's counsel responded, "Correct, your Honor."

merits of the motion, Meyer's counsel invited the error that Meyer is now asserting on appeal.

2.      *Amount of Attorney Fee Award*

Meyer argues that the fee award is excessive and is not supported by substantial evidence, and that the award constitutes a sanction imposed on her for losing.  She maintains that in awarding attorney fees as a sanction, the court is discouraging victims from seeking restraining orders.

We review a challenge to the amount of an attorney fee award under the abuse of discretion standard.  (*Loeffler v. Medina*, *supra*, 174 Cal.App.4th at p. 1509.)  " '[A]n experienced trial judge is in a much better position than an appellate court to assess the value of the legal services rendered in his or her court, and the amount of a fee awarded by such a judge will therefore not be set aside on appeal absent a showing that it is manifestly excessive in the circumstances.'  [Citation.]"  (*Ibid.*)

" ' "In determining what constitutes a reasonable compensation for an attorney who has rendered services in connection with a legal proceeding, the court may and *should* consider the 'nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, his learning, his age, and his experience in the particular type of work demanded . . . ; the intricacies and importance of the litigation, the labor and necessity for skilled legal training and ability in trying the cause, and the time consumed.' [Citations.]"  [Citations.]' "  (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 659.)

12

Meyer has not met her burden of showing that the award is excessive and that the trial court abused its discretion in determining that the amount of $7,500 in fees were reasonably incurred in Brown's representation. Brown requested $15,800 in fees and submitted a declaration that revealed that his counsel had spent 45 hours on the case reviewing the records pertaining to Meyer's 2007 and 2013 domestic violence temporary restraining orders; making settlement offers; drafting, editing and filing Brown's response; interviewing 12 witnesses; drafting, editing and filing declarations and pretrial motions; and making numerous court appearances. The declaration also revealed that Brown's attorney has been rated as a top lawyer in California and charges $350 per hour, which is typical of an attorney of her caliber and experience.

The record shows that the judge inquired into the legal services rendered and heard from both counsel as to what a reasonable fee is in a typical case. Brown's attorney admitted that normally the fees would be in the $6,000 to $9,000 range, but claimed that the fees were higher in this case because of Meyer's refusal to produce contact information for 12 potential witnesses. Time was spent finding out who the witnesses were and what they were going to say, and filing motions to strike their declarations.

Meyer's counsel argued that the fees requested were unreasonable in light of the fact that Meyer had spent only $4,500 in attorney fees and costs in bringing the request for a restraining order. She also contended that during two continuances of the hearing date, Brown's counsel pursued discovery, which is not typically done in DVRO cases, and filed motions in limine and motions to strike in an alleged attempt to rattle Meyer at the hearing.

13

In arriving at the fee award amount, the court stated the following: "Family Code section 6344(a) gives the Court authority to award attorney fees to the prevailing party in a domestic violence case. I believe that's appropriate in this case. [¶] Then the next question, then, is what does the Court believe is reasonable. In looking at this case and comparing it to what I typically have to deal with, if you look at the conduct that was alleged in this case and then look at the amount of money that was spent, to my belief, it's disproportionate. [¶] And I understand, Ms. Curran, what you're saying about what was at stake for Mr. Brown and the need to exercise due diligence and defense. And certainly in prevailing, it seems wise that the things that you did in representing him were effective. But it's hard for me to justify the amount of attorney fees that were generated in this case as an award. [¶] I'm not saying that I find that -- the fees to be improperly billed. I'm not saying that at all. But I don't think that that's reasonable to expect, as someone who's bringing a domestic violence restraining order, that the other side is going to spend $15,000 to defend against that. [¶] So I'm not going to award the amount that's requested by . . . respondent in this case. It's a Court order that I'm going to have the petitioner pay attorney fees in the amount of $7,500. And I arrive at that number -- that's roughly half of what's requested by the respondent in this case. It's also kind of midway point between what Ms. Curran says is a typical case for her office. [¶] It's less than $9,000. It's more than $6,000. It's kind of in the midpoint, given what Ms. Shapiro represented . . . was spent in bringing this case. And also seems reasonable, proportional in that regard, that the attorney fees that were incurred by the petitioner were $3,500, plus a thousand dollars to an investigator, for a total of $4,500. [¶] So I think it's appropriate

14

that the petitioner, having not been the prevailing party in this case, pay attorney fees to Ms. Curran in the amount of $7,500. [¶] How much can your client pay per month, Ms. Shapiro?"

The court clearly exercised its discretion in not awarding the entire amount requested, but rather, half of that amount. The court's statements also reveal that in determining the amount of the fee award, it took into account what are typical attorney fees in a DVRO case.[11] Under these circumstances, it cannot be said that the final award was excessive or that it was not supported by substantial evidence.

Meyer has also not shown that the award constitutes a sanction. Meyer argues that the court's inquiry as to how much Meyer could pay per month transformed the fee award into a sanction because section 271 permits an award of attorney fees as a sanction based on how much a party is able to pay.[12] However, the court specifically stated that it was relying on section 6344, subdivision (a), in awarding attorney fees, not on section 271.

---

[11] The fact that in arriving at the $7,500 award, the court was influenced in part by Meyer's counsel's representations of the fees that Meyer incurred pursuing a DVRO, and that the ultimate figure that the court set is much closer to that amount than to the amount requested detracts from Meyer's argument that there is not substantial evidence to support the amount of the fee award.

[12] Section 271 states in relevant part: "An award of attorney's fees and costs pursuant to this section is in the nature of a sanction. In making an award pursuant to this section, the court shall take into consideration all evidence concerning the parties' incomes, assets, and liabilities."

15

DISPOSITION

The order is affirmed.  Respondent is entitled to costs on appeal.

_____

AARON, J.

WE CONCUR:


_____

McCONNELL, P. J.


_____

McDONALD, J.

16