Filed 8/19/21  Barrett Daffin Frappier Treder & Weiss v. Sanchez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP, et al<br><br>Plaintiff and Respondent,<br><br>v.<br><br>HILDA P. SANCHEZ,<br><br>Defendant and Appellant. | 2d Civil No. B304935<br>(Super. Ct. No. 18CV02101)<br>(Santa Barbara County) |

Appellant Hilda P. Sanchez appeals a judgment allocating the surplus proceeds from the nonjudicial foreclosure sale of her house.  She contends two of her secured creditors had no interest in these proceeds because their judgment liens expired before trial.  We conclude Sanchez invited the error as to the first creditor by making, then withdrawing, the same argument below.  Her argument as to the second fails because the creditor's interest vested not at trial, but at the time of sale, which occurred more than two years before the lien expired.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Sanchez's lender initiated non-judicial foreclosure proceedings on her Santa Barbara house in 2017. The law firm of Barrett Daffin Frappier Turner & Engle, LLP (trustee) served as trustee. A foreclosure sale held in September of that year resulted in a surplus of $100,804.17. The trustee filed this interpleader action when Sanchez disputed its proposed distribution of the surplus to four lienholders. It deposited the funds with the court and obtained a discharge from the action. (Code Civ. Proc., § 386, subd. (a).)

Sanchez and the four lienholders proceeded to trial on the issue of distribution on December 27, 2019. The trial court entered judgment in favor of the lienholders. It allocated their interests in order of priority under Civil Code section 2924k[1] as follows: (1) $57,300 to Sam Gerard under a deed of trust lien recorded on December 7, 2006; (2) $10,000 to Maria Chavez under a judgment lien recorded on November 19, 2008; (3) $24,007 to Emily Rodriguez under a judgment lien recorded November 4, 2009; and (4) $9,497.17, the balance, to Jose Almanza under a judgment lien recorded on September 2, 2010.[2]

The surplus exhausted, Sanchez received nothing. She appeals the judgment.

DISCUSSION

The nonjudicial foreclosure statutes provide "a quick, inexpensive and efficient remedy" against borrowers who default

---

[1] We refer to the Civil Code unless noted otherwise.

[2] In a later order, the trial court allocated the interest that accrued on these amounts while deposited with the court.

on loans secured by real property. (*Moeller v. Lien* (1994) 25 Cal.App.4th 822, 830; § 2924 et seq.) The proceedings trigger a trustee's sale to satisfy the obligation. (§ 2924h; *South Bay Building Enterprises, Inc. v. Riviera Lend-Lease, Inc.* (1999) 72 Cal.App.4th 1111, 1120-1121.) Following the sale, "subordinate liens against the foreclosed property attach to the surplus proceeds in order of their priority. [Citation.]" (*Caito v. United California Bank* (1978) 20 Cal.3d 694, 701.) The trustee distributes the surplus directly to secured creditors unless there is a dispute over the priority of payment. (§ 2924j, subd. (b).) Where such a dispute exists, as here, the trustee may file an interpleader action and deposit the surplus funds with the court. (*Id.*, subd. (e).) The court then determines the priority of creditor payments at trial pursuant to Civil Code section 2924k.[3]

Sanchez contends creditor/respondent Rodriguez should not have received any portion of the surplus because the November 4, 2009 judgment lien expired the month before trial. (Code Civ. Proc., § 683.020.) She raised the identical argument below in her motion in limine to preclude evidence of the lien. Her counsel withdrew the motion when Rodriguez produced a recorded copy of a judgment renewal at trial. Sanchez therefore invited the purported error she now raises. (See *Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 403 ["'Where a party by his conduct

---

[3] Section 2924k, subdivision (a) requires the trustee or clerk of the court to distribute surplus sale proceeds as follows: (1) the costs and expenses of the trustee's sale, including trustee's fees and attorney fees; (2) the creditors whose interests are "secured by the deed of trust or mortgage which is the subject of the trustee's sale"; (3) creditors holding junior liens or encumbrances; and (4) the trustor at the time of sale, i.e., the defaulted debtor, or their successor in interest.

induces the commission of error, he is estopped from asserting it as a ground for reversal' on appeal"]; *Cushman v. Cushman* (1960) 178 Cal.App.2d 492, 498 ["one cannot on appeal complain of rulings assented to or acquiesced in by him in the court below"].)

Sanchez contends creditor/respondent Chavez's November 2008 judgment lien also expired before trial. She cites no authority for her assertion that a secured creditor's interest in surplus proceeds vests on the date of trial rather than the date of the trustee's sale. Using the former date would be more consistant with the nonjudicial foreclosure statutes. (See, e.g. §§ 2924h, subd. (c) [sale completed upon trustee accepting the final bid at trustee's sale]; 2924k, subd. (a)(4) [vested owner of record at time of trustee's sale entitled to proceeds remaining after distribution to secured creditors].) It would also serve the policy of ensuring the finality of properly conducted trustee sales. (See *Biancala v. T.D. Service Co.* (2013) 56 Cal.4th 807, 821, quoting *Moeller v. Lien, supra*, 25 Cal.App.4th at p. 830, italics omitted ["Overall, the statutory foreclosure process aims 'to ensure that a properly conducted sale is final between the parties'"].) Here, the sale occurred in September of 2017 – well within the ten-year period to enforce her judgment. (Code Civ. Proc., § 683.020.) We decline to contravene the policy of finality by allowing a debtor to unilaterally delay vesting until either: (1) the date to challenge the trustee's sale has expired; or (2) the trial court has completed trial on the debtor's challenge.

Lastly, Sanchez argues she is entitled to all surplus proceeds because the trustee sold her house unlawfully. Conclusory allegations in her general denial about purported violations of the nonjudicial foreclosure statutes find no support

4

in the record.  Her trial brief did not explain or refer to any such irregularities.  If they did occur, Sanchez should have filed an action in equity to set aside the sale.[4]  (See *South Bay Building Enterprises, Inc. v. Riviera Lend-Lease, Inc.*, *supra*, 72 Cal.App.4th 1111 [action against senior lienholder by junior lienholder arose for alleged irregularities at trustee's sale, i.e., "rigging" sale in favor of eventual winning bidder].)  She could also have asserted a tort cause of action for wrongful foreclosure. (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 929 ["A beneficiary or trustee under a deed of trust who conducts an illegal, fraudulent or willfully oppressive sale of property may be liable to the borrower for wrongful foreclosure"].)  However, the record does not contain any evidence suggesting Sanchez had grounds to plead such causes of action had she challenged the sale properly.  (See *Melendrez v. D & I Investment, Inc.* (2005) 127 Cal.App.4th 1238, 1258, citing *Hatch v. Collins* (1990) 225 Cal.App.3d 1104, 1113 [party challenging a trustee's sale bears

---

[4] Sanchez argued orally at trial that her foreclosure was illegally conducted.  The court responded that challenging the underlying foreclosure would require Sanchez to file a separate action.  This colloquy, which apparently was not their first on this subject, highlights how judicial officers must often interact with, but cannot advise, self-represented litigants struggling to navigate the legal system.  (See, e.g., *Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210, citing *Williams v. Pacific Mutual Life Ins. Co.* (1986) 186 Cal.App.3d 941, 944 [self-represented litigant's procedural error "does not provide any basis for attacking the demurrer procedure; such a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys"].)

the burden of proving irregularity and overcoming the presumption of regularity].)

DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


YEGAN, Acting P.J.


TANGEMAN, J.

Pauline Maxwell, Judge

Superior Court County of Santa Barbara

_____

Hilda P. Sanchez, in pro. per., for Appellant.

Law Offices of Juan J. Herta, Juan J. Huerta, for Respondent Jose Almanza.

Law Offices of Paul R. Burns, Paul R. Burns, for Respondent Emily Rodriguez.

No appearance for Respondent Maria Chavez.

No appearance for Respondent Sam Gerard.